# 12 CIV 6781

Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 279-8880

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAO CONTROL & MONITORING SYSTEMS, LLC,

Plaintiff,

- against -

DIGITAL PLAYGROUND, INC.,

Defendant.

**ECF CASE**

12  CV

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Digital Playground, Inc. ("Defendant") as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,587,046 entitled "*Monitoring Apparatus and Method*" (the "'046 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 7,277,010 entitled "*Monitoring Apparatus and Method*" (the "'010 patent"; a copy of which is attached hereto as Exhibit B) (collectively, "the patents-in-suit").   Plaintiff is the owner of the '046 patent and the '010 patent.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware.  Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York 10703.   Plaintiff is the owner of the patents-in-suit and possesses the right to sue for infringement and recover past damages.

3.      Upon information and belief, Defendant is a company organized under the laws of the state of Florida, and maintains its principal place of business at 21115 Devonshire Street, #304, Chatsworth, CA 91311.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.   This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over the Defendant because: Defendant is present within or has minimum contacts with the State of New York and the Southern District of New York; Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in the Southern District of New York; Defendant has sought protection and benefit from the laws of the State of New York; Defendant regularly conducts business within the State of New York and within the Southern District of New York; Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of New York and in the Southern District of New York; and Plaintiff maintains its principal place of business within the State of New York and the Southern District of New York.

6.      More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of New York, and the Southern District of New York.  Upon information and belief, Defendant has committed patent infringement in the State of New York and in the Southern District of New York.  Upon information and belief, Defendant solicits customers in the State of New York and in the

Southern District of New York.   Upon information and belief, Defendant has many paying customers who are residents of the State of New York and the Southern District of New York and who each use Defendant's products and services in the State of New York and in the Southern District of New York.

7.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

8.     The '010 patent was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007, after full and fair examination for systems and methods for premises video monitoring.   Plaintiff is the owner of the '010 patent and possesses all substantive rights and rights of recovery under the '010 patent, including the right to sue for infringement and recover past damages.

9.     The '046 patent was duly and legally issued by the United States Patent and Trademark Office on July 1, 2003, after full and fair examination for systems and methods for premises video monitoring.   Plaintiff is the owner of the '046 patent and possesses all substantive rights and rights of recovery under the '046 patent, including the right to sue for infringement and recover past damages.

10.     Defendant has infringed and continues to infringe one or more claims of the patents-in-suit, by making, using, providing, importing, offering to sell, and selling directly or through intermediaries, in this district and elsewhere in the United States, systems and methods for receiving and monitoring video information by a video recording device or camera, including adult content and/or sexually explicit websites such as www.jessejane.com (the "Webcam system").   Defendant has also contributed to and/or induced the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, the Webcam system only useful for permitting users to monitor video obtained by one or more premises video cameras and/or video recording devices in a manner claimed in both the '010 patent and the '046 patent.

11.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

12.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13.     Defendant has further willfully infringed the '010 patent and the '046 patent, as Defendant has been aware of the patents-in-suit since at least February 2, 2012, which is the date Defendant was served with a suit commenced by Plaintiff in the United States District Court for the Central District of California Los Angeles Division. Plaintiff voluntarily dismissed this suit without prejudice. Copies of the Complaint and Proof of Service of Complaint and Related Documents are attached hereto as Exhibit C.

14.     Plaintiff is entitled to recover treble damages from the Defendant for the period of Defendant's willful infringement pursuant to 35 U.S.C. § 284.

15.     Defendant's infringement of Plaintiff's exclusive rights under the '010 patent and the '046 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

16.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

> A. An adjudication that one or more claims of the '010 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;
>
> B. An adjudication that one or more claims of the '046 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

4

C. An adjudication that Defendant has contributed to and/or induced the infringement of one or more claims of the '010 patent and/or the '046 patent, either literally and/or under the doctrine of equivalents;

D. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

E. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the '010 patent and the '046 patent;

G. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

H. Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
      September 7, 2012

**Law Offices of George N. Proios, PLLC**
Attorneys for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC.

By: _____
George N. Proios (GP-9331)
65 West 36th Street, 7th Floor
New York, New York  10018
(212) 279-8880

Of Counsel:
Steven W. Ritcheson
Heninger Garrison Davis, LLC
9800 D Topanga Canyon Blvd., #347
Chatsworth, CA  91311
(818) 882-1030