Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 279-8880

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>DIGITAL PLAYGROUND, INC., MANWIN D.P. CORP., D.P., INC., MANWIN HOLDING SARL, MANWIN BILLING MU LTD., MANWIN BILLING US CORP., MANWIN BILLING IRELAND, LTD., JOHNSBURG LTD., MANWIN LICENSING INTERNATIONAL SARL, MANWIN CANADA, MANWIN BILLING CY LTD., AND EUROREVENUE,<br><br>Defendants. | **ECF CASE**<br><br>12 CV 6781 (RJS)<br><br>**THIRD AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff"), by and through its undersigned counsel, files this Third Amended Complaint against Digital Playground, Inc., Manwin D.P. Corp., D.P., Inc., Manwin Holding S.ar.l., Manwin Billing MU Ltd., Manwin Billing US Corp., Manwin Billing Ireland, Ltd., Johnsburg Ltd., Manwin Licensing International S.ar.l., Manwin Canada, Manwin Billing CY Ltd., and EuroRevenue (collectively referred to as "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,587,046 entitled "*Monitoring Apparatus and Method*" (the "'046 patent"; a copy of which was previously submitted as Dkt. No. 4-1 – 4-4) and United States Patent No. 7,277,010 entitled "*Monitoring Apparatus and Method*" (the "'010 patent"; a

copy of which was previously submitted as Dkt. No. 4-5 – 4-9) (collectively, "the patents-in-suit"). Plaintiff is the owner of the '046 patent and the '010 patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York 10703. Plaintiff is the owner of the patents-in-suit and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Digital Playground Inc. is a corporation organized under the laws of the State of California, and maintains a place of business (and/or maintained a place of business in the past prior to being acquired) at 21115 Devonshire Street, #304, Chatsworth, CA 91311. Digital Playground Inc. also maintains (or maintained in the past) a place of business at 16134 Hart Street, Van Nuys, California 91406.

4. Upon information and belief, Manwin Holding S.a.r.l. signed a deal to acquire the assets of Digital Playground, Inc. in or around January 2012.

5. Upon information and belief, Defendant Manwin D.P. Corp. is a corporation organized under the laws of the State of Delaware, and maintains a place of business at 2706 Media Center Drive, Los Angeles, CA 91504.

6. Upon information and belief, in or around March 1, 2012, Manwin D.P. Corp. acquired the assets of Digital Playground Inc. and has taken over its operations.

7. Upon information and belief, Defendant D.P., Inc. is a successor company to Digital Playground, Inc.

8. Upon information and belief, Manwin D.P. Corp. and D.P., Inc. are successor companies to Digital Playground, Inc.

9. Upon information and belief, Defendant Manwin Holding S.ar.l. is a business entity organized as "Societe a responsabilite limitee" ("S.a.r.l.") under the laws of Luxembourg,

and maintains its principal place of business at 32 Boulevard Royal, L-2449, Luxembourg City, Luxembourg.

10. Upon information and belief, Manwin Holding Sa.r.l. is the parent company of thirty-five subsidiaries, including, but not limited to Manwin D.P. Corp., D.P., Inc., Manwin Billing MU Ltd., Manwin Billing US Corp., Manwin Billing Ireland, Ltd., Johnsburg Ltd., Manwin Licensing International S.ar.l., Manwin Canada, and Manwin Billing CY Ltd.

11. Upon information and belief, Manwin Holding S.a.r.l. purchased EuroRevenue on or about September 2010, which company acquisition included the acquisition of the following sites:

    a. www.shemalefuckfest.com

    b. www.fetish360.com

    c. www.cockfortwo.com

    d. www.gggsexbox.com

    e. www.budapesthardcore.com

    f. www.germangoogirls.com

    g. www.japanesebukkakeorgy.com

    h. www.666bukkake.com

    i. www.cumtrainer.com

    j. www.bukkakefetish.com

    k. www.extremebukkake.com

    l. www.germangooboys.com

    m. www.cumcoveredblondes.com

    n. www.analdriveway.com

    o. www.extremegangbang.com

    p. www.johnthompsonbukkake.com

    q. www.gagthebitch.com

    r. www.asiabukkake.com

       s. www.bigtitsmobile.com

       t. www.bukkakeboys.com

       u. www.mobileporn.tv

       v. www.myporndownloads.com

12. Upon information and belief, EuroRevenue operated, managed, supported the Website Systems identified in the preceding paragraph 11 prior to Manwin Holding S.a.r.l.'s acquisition in September 2010.

13. Upon information and belief, Manwin Billing US Corp. is a company organized under the laws of Delaware, and maintains a place of business at 1209 Orange Street, Wilmington, Delaware, 19801.

14. Upon information and belief, Manwin Billing US Corp. is part of and controlled by Manwin Holding S.ar.l

15. Upon information and belief, Manwin Billing US Corp. owns, operates, manages and supports the following websites:

       a. www.brazzers.com

       b. www.clubjenna.com

       c. www.digitalplayground.com

       d. www.mofos.com

       e. www.moviebox.com

       f. www.playboylive.com

       g. www.pornhub.com and its affiliated sites:

           i. www.youporn.com

           ii. www.tube8.com

           iii. www.pornmd.com

           iv. www.spankwire.com

           v. www.keezmovies.com

           vi. www.xtube.com

        vii. www.extremetube.com

        viii. www.peeperz.com

    h. www.realitygang.com

    i. www.realitykings.com

    j. www.twistys.com

    k. www.webcams.com

    l. www.wicked.com

    m. www.menofuk.com

    n. Men.com

    o. Adult.com

    p. Chat.adult.com

    q. Tour.babesreel.com/home

    r. Tour.youjizzpremium.com

    s. tour.thefreedomhub.com

16. Upon information and belief, Defendant Manwin Billing MU Ltd. is a company organized under the laws of Mauritius, and maintains a place of business at St. James Court, Suite 501, St. Denis Street, Port-Louis, Mauritius.

17. Upon information and belief, Manwin Billing MU Ltd. is part of and controlled by Manwin Holding S.ar.l

18. Upon information and belief, Manwin Billing MU Ltd. operates the following websites:

    a. www.brazzers.com

    b. www.clubjenna.com

    c. www.digitalplayground.com

    d. www.mofos.com

    e. www.moviebox.com

    f. www.playboylive.com

   g. www.pornhub.com and its affiliated sites:
     i. www.youporn.com
     ii. www.tube8.com
     iii. www.pornmd.com
     iv. www.spankwire.com
     v. www.keezmovies.com
     vi. www.xtube.com
     vii. www.extremetube.com
     viii. www.peeperz.com
   h. www.realitygang.com
   i. www.realitykings.com
   j. www.twistys.com
   k. www.webcams.com
   l. www.wicked.com

19. Upon information and belief, Defendant Manwin Billing CY Ltd. is a company organized under the laws of Cyprus, and maintains a place of business at 6 Loanni Stylianou, 2003 Nicosia, Cyprus.

20. Upon information and belief, Manwin Billing CY Ltd. is part of and controlled by Manwin Holding S.ar.l.

21. Upon information and belief, Manwin Billing CY Ltd. operates, owns, manages and supports the following website:

   a. www.webcams.com

22. Upon information and belief, Manwin Canada is a company organized under the laws of Canada, and maintains a place of business at 7777, Boulevard Decarie, Suite 300, Montreal, Quebec H4P 2H2, Canada.

23. Upon information and belief, Manwin Canada is part of and controlled by Manwin Holding S.ar.l.

24. Upon information and belief, Manwin Canada assists in the operation, management, and support of some or all of the websites named in this Third Amended Complaint.

25. Upon information and belief, Manwin Licensing International S.ar.l. is a company organized under the laws of Luxembourg, and maintains a place of business at 49 Route d'Arlon, Luxembourg, Luxembourg 1140.

26. Upon information and belief, Manwin Licensing International S.a.r.l. is part of and controlled by Manwin Holding S.ar.l.

27. Upon information and belief, Johnsburg Ltd. is a company organized under the laws of England, and maintains a place of business at The East Stable Thrales End, Thrales End Lane, Harpenden, Hertfordshire, England, AL5 3NS.

28. Upon information and belief, Johnsburg Ltd. is part of and controlled by Manwin Holding S.ar.l.

29. Upon information and belief, Johnsburg Ltd. operates, owns, manages and supports some or all of the websites named in this Third Amended Complaint.

30. Upon information and belief Manwin Billing Ireland Ltd. is a company organized under the laws of Ireland, and maintains a place of business at First Floor, Riverview House, 21-23 City Quay, Dublin 2, Ireland.

31. Upon information and belief, Manwin Billing Ltd. is part of and controlled by Manwin Holding S.ar.l.

32. Upon information and belief, Manwin Billing Ireland Ltd. operates, owns, manages, and/or otherwise supports the following websites:

   a. www.brazzers.com
   b. www.clubjenna.com
   c. www.digitalplayground.com
   d. www.mofos.com
   e. www.moviebox.com

    f. www.playboylive.com

    g. www.pornhub.com and its affiliated sites:

        i. www.youporn.com

        ii. www.tube8.com

        iii. www.pornmd.com

        iv. www.spankwire.com

        v. www.keezmovies.com

        vi. www.xtube.com

        vii. www.extremetube.com

        viii. www.peeperz.com

    h. www.realitygang.com

    i. www.realitykings.com

    j. www.twistys.com

    k. www.webcams.com

    l. www.wicked.com

    m. www.menofuk.com

    n. Men.com

    o. Adult.com

    p. Chat.adult.com

    q. Tour.babesreel.com/home

    r. Tour.youjizzpremium.com

    s. tour.thefreedomhub.com

## JURISDICTION AND VENUE

33. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

34. The Court has personal jurisdiction over the Defendants because: Defendants are present within or have minimum contacts with the State of New York and the Southern District of New York; Defendants have purposefully availed themselves of the privileges of conducting business in the State of New York and in the Southern District of New York; Defendants have sought protection and benefit from the laws of the State of New York; Defendants regularly conduct business within the State of New York and within the Southern District of New York; Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of New York and in the Southern District of New York; and Plaintiff maintains its principal place of business within the State of New York and the Southern District of New York.

35. More specifically, Defendants, directly and/or through authorized intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise (including the provision of an interactive web page) its products and services in the United States, the State of New York, and the Southern District of New York. Upon information and belief, Defendants have committed patent infringement in the State of New York and in the Southern District of New York. Upon information and belief, Defendants solicit customers in the State of New York and in the Southern District of New York. Upon information and belief, Defendants have many paying customers who are residents of the State of New York and the Southern District of New York and who each use Defendants' products and services in the State of New York and in the Southern District of New York.

36. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

37. The '010 patent was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007, after full and fair examination for systems and methods for premises video monitoring. Plaintiff is the owner of the '010 patent and possesses all substantive rights and rights of recovery under the '010 patent, including the right to sue for infringement and recover past damages.

38. The '046 patent was duly and legally issued by the United States Patent and Trademark Office on July 1, 2003, after full and fair examination for systems and methods for premises video monitoring. Plaintiff is the owner of the '046 patent and possesses all substantive rights and rights of recovery under the '046 patent, including the right to sue for infringement and recover past damages.

39. Defendants have infringed and continue to infringe one or more claims of the patents-in-suit, by making, using, providing, importing, offering to sell, and selling directly or through intermediaries, in this district and elsewhere in the United States, systems and methods for receiving and monitoring video information by a video recording device or camera, including adult content and/or sexually explicit websites such as those listed above (the "Webcam systems").

40. Defendants have induced the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, the Webcam system employed by its websites, consisting of a processing device, communication device, and recording device, wherein the recorded information is transmitted via the Internet. The aforementioned system configuration is only useful for permitting users to monitor video obtained by one or more premises video cameras and/or video recording devices in a manner claimed in both the '010 patent and the '046 patent.

41. Defendants have been aware of the patents-in-suit since at least as early as January 17, 2012.

42. Despite being aware of the patents-in-suit, and being aware that the Webcam Systems infringe the patents-in-suit, Defendants have persisted in offering its website and accompanying services using its Webcam systems.

43. The Defendants' conduct has induced and continues to actively induce its users to commit direct infringement of one or more claims of the Patents-in-Suit, and by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, aided, abetted and otherwise caused its customers to use a the Webcam System(s) clearly demonstrating

Defendants' intent to induce the infringement by its users. Despite its knowledge of the existence of Patents-in-Suit for over a year, Defendants, upon information and belief, continue to encourage, instruct, enable and otherwise cause their customers to use their products and services (Webcam Systems) in a manner which infringes the Patents-in-Suit. Upon information and belief, Defendants have specifically intended that their customers use the Webcam Systems in a manner that infringes the Patents-in-Suit by, at a minimum, providing access to, support for, and instructions for using the Webcam Systems, in such a way that infringes the Patents-in-Suit; and Defendants knew that these actions, would induce, have induced, and will continue to induce infringement by its customers.

44. Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

45. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46. Defendants have further willfully infringed the '010 patent and the '046 patent, as Defendants have been aware of the patents-in-suit since at least January 17, 2012, which is the date Defendant Digital Playground Inc. was served with a suit commenced by Plaintiff in the United States District Court for the Central District of California Los Angeles Division. Plaintiff voluntarily dismissed this suit without prejudice. Copies of the Complaint and Proof of Service of Complaint and Related Documents were previously submitted as Dkt. No. 4-10.

47. Plaintiff is entitled to recover treble damages from the Defendants for the period of Defendants' willful infringement pursuant to 35 U.S.C. § 284.

48. Defendants' infringement of Plaintiff's exclusive rights under the '010 patent and the '046 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

49. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '010 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B. An adjudication that one or more claims of the '046 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

C. An adjudication that Defendants have contributed to and/or induced the infringement of one or more claims of the '010 patent and/or the '046 patent, either literally and/or under the doctrine of equivalents;

D. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

E. That, should Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement with respect to the claims of the '010 patent and the '046 patent;

G. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

H. Any further relief that this Court deems just and proper.

Dated: New York, New York
       March 11, 2013

Respectfully submitted,

**Law Offices of George N. Proios, PLLC**
Attorneys for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC.

By: _____
George N. Proios (GP-9331)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 279-8880

Of Counsel:
Steven W. Ritcheson (admitted pro hac vice)
Heninger Garrison Davis, LLC
9800 D Topanga Canyon Blvd., #347
Chatsworth, CA 91311
(818) 882-1030


TO:    MITCHELL SILBERBERG & KNUPP LLP
        Attorneys for Defendant Manwin D.P. Corp.
        12 East 49th Street, 30th Floor
        New York, New York 10017-1028
        Telephone: (917) 546-7703
        Facsimile: (917) 546-7673

        Attn:   Jane G. Stevens


MANELLI SELTER PLLC

Attorneys for Defendant Digital Playground, Inc.

2000 M Street, NW, Suite 700
Washington, DC 20036
Telephone: (202) 261-1026
Facsimile: (202) 887-0336

Attn: Michael Selter