**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC, | CASE NO. 12 CIV. 6781 (RJS) |
| Plaintiff, | |
| v. | **ANSWER OF THE MANWIN DEFENDANTS TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT MANWIN D.P. CORP** |
| DIGITAL PLAYGROUND, INC., MANWIN D.P. CORP., D.P., INC., MANWIN HOLDING SARL, MANWIN BILLING MU LTD., MANWIN BILLING US CORP., MANWIN BILLING IRELAND, LTD., JOHNSBURG LTD., MANWIN LICENSING INTERNATIONAL SARL, MANWIN CANADA, MANWIN BILLING CY LTD., and EUROREVENUE, | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendants Manwin D.P. Corp., Mindgeek S.ar.l. (f/k/a "Manwin Holding S.ar.l."),

Manwin Billing MU Ltd., Manwin Billing US Corp. (f/k/a "Ahava Incorporated"), Manwin

Billing Ireland, Ltd., Johnsburg Ltd., Licensing IP International S.ar.l. (f/k/a "Manwin Licensing

International S.ar.l."), 9219-1568 Quebec Inc. (formerly d/b/a "Manwin Canada" and n/k/a

"Mindgeek"), and Manwin Billing CY Ltd. (collectively, the "Manwin Defendants"), by their

undersigned counsel, hereby admit, deny and aver as to the allegations of Plaintiff's Third

Amended Complaint ("TAC") as follows:

<u>**ANSWER**</u>

1.     Admit that Plaintiffs purport that this is a patent infringement action and seeks

injunctive relief and monetary damages.  Deny knowledge or information sufficient to form a

belief as to the truth of the balance of the allegations contained in the first sentence of Paragraph

1 of the TAC and the allegations contained in second sentence of Paragraph 1 of the TAC, and on that basis deny those allegations.

2.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the TAC, and on that basis deny those allegations.

3.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the TAC, and on that basis deny those allegations.

4.       Deny the allegations contained in Paragraph 4 of the TAC.

5.       Admit the allegations contained in Paragraph 5 of the TAC.

6.       Deny the allegations contained in Paragraph 6 of the TAC, except aver that in early 2012, Manwin D.P. Corp. acquired assets of Digital Playground, Inc.

7.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the TAC, and on that basis deny those allegations.

8.       Deny the allegations contained in Paragraph 8 of the TAC.

9.       Admit that Mindgeek S.ar.l. (f/k/a "Manwin Holding S.ar.l.") is a business entity organized under the laws of Luxembourg, and maintains its principal place of business at 32 Boulevard Royal, L-2449, Luxembourg City, Luxembourg.

10.      Deny the allegations contained in Paragraph 10 of the TAC.

11.      Deny the allegations contained in Paragraph 11 of the TAC.

12.      Deny knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 12 of the TAC, and affirmatively aver that Manwin Holding S.ar.l. did not acquire EuroRevenue in September 2010.

13.      Admit the allegations contained in Paragraph 13 of the TAC.

2

14.     Deny the allegations contained in Paragraph 14 of the TAC.

15.     Deny the allegations contained in Paragraph 15 of the TAC.

16.     Admit the allegations contained in Paragraph 16 of the TAC.

17.     Deny the allegations contained in Paragraph 17 of the TAC.

18.     Deny the allegations contained in Paragraph 18 of the TAC.

19.     Admit the allegations contained in Paragraph 19 of the TAC.

20.     Deny the allegations contained in Paragraph 20 of the TAC.

21.     Deny the allegations contained in Paragraph 21 of the TAC.

22.     Deny the allegations contained in Paragraph 22 of the TAC, and affirmatively aver that 9219-1568 Quebec Inc. (formerly d/b/a "Manwin Canada" and n/k/a "Mindgeek") is a company organized under the laws of the province of Quebec, Canada, and maintains its principal place of business at 7777 Boulevard Decarie, Suite 300, Montreal, Quebec H4P 2H2, Canada.

23.     Deny the allegations contained in Paragraph 23 of the TAC.

24.     Deny the allegations contained in Paragraph 24 of the TAC.

25.     Deny the allegations contained in Paragraph 25 of the TAC, and affirmatively aver that Licensing IP International S.ar.l. (f/k/a "Manwin Licensing International S.ar.l.") is a company organized under the laws of Luxembourg, and maintains a place of business at 49 Route d'Arlon, Luxembourg, Luxembourg 1140.

26.     Deny the allegations contained in Paragraph 26 of the TAC.

27.     Deny the allegations contained in Paragraph 27 of the TAC.

28.     Deny the allegations contained in Paragraph 28 of the TAC.

29.     Deny the allegations contained in Paragraph 29 of the TAC.

30.     Admit the allegations contained in Paragraph 30 of the TAC.

31.     Deny the allegations contained in Paragraph 31 of the TAC.

32.     Deny the allegations contained in Paragraph 32 of the TAC.

33.     State that Paragraph 33 of the TAC consists of legal conclusions as to which no response is required, except admit that Plaintiff purports that this action arises under the Patent Laws of the United States and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

34.     Deny the allegations contained in Paragraph 34 of the TAC.

35.     Deny the allegations contained in Paragraph 35 of the TAC.

36.     State that Paragraph 36 of the TAC consists of legal conclusions as to which no response is required, except admit that Plaintiff purports that venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b), and otherwise deny the allegations contained in Paragraph 36 of the TAC.

37.     State that Paragraph 37 of the TAC consists of legal conclusions as to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny those allegations.

38.     State Paragraph 38 of the TAC consists of legal conclusions as to which no response is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the TAC, and on that basis deny those allegations.

39.     Deny the allegations contained in Paragraph 39 of the TAC.

40.     State that no response is required as to Paragraph 40 of the TAC as a result of the Court's Order dated November 8, 2013 (Doc. No. 39), but in any event, deny the allegations contained in Paragraph 40 of the TAC.

41.     State that no response is required as to Paragraph 41 of the TAC as a result of the Court's Order dated November 8, 2013 (Doc. No. 39), but in any event, deny the allegations contained in Paragraph 41 of the TAC.

42.     State that no response is required as to Paragraph 42 of the TAC as a result of the Court's Order dated November 8, 2013 (Doc. No. 39), but in any event, deny the allegations contained in Paragraph 42 of the TAC.

43.     State that no response is required as to Paragraph 43 of the TAC as a result of the Court's Order dated November 8, 2013 (Doc. No. 39), but in any event, deny the allegations contained in Paragraph 43 of the TAC.

44.     Deny the allegations contained in Paragraph 44 of the TAC, and affirmatively aver that none of the Manwin Defendants' activities require any authority or license from Plaintiff.

45.     Deny the allegations contained in Paragraph 45 of the TAC.

46.     State that no response is required as to Paragraph 46 of the TAC as a result of the Court's Order dated November 8, 2013 (Doc. No. 39), but in any event, deny the allegations contained in Paragraph 46 of the TAC.

47.     State that no response is required as to Paragraph 47 of the TAC as a result of the Court's Order dated November 8, 2013 (Doc. No. 39), but in any event, deny the allegations contained in Paragraph 47 of the TAC.

5

48.     Deny the allegations contained in Paragraph 48 of the TAC.

## AFFIRMATIVE DEFENSES

The Manwin Defendants assert the following affirmative defenses without assuming the burden of proof when such burden would be on the plaintiff:

### FIRST AFFIRMATIVE DEFENSE
### (RES JUDICATA)

JCMS's Third Amended Complaint against the Manwin Defendants is barred by the doctrine of res judicata.  For example, JCMS accuses defendant Manwin Billing U.S. Corp. ("Manwin Billing") of infringing the patents-in-suit.  Manwin Billing was formerly known as Ahava Incorporated ("Ahava").  JCMS previously brought suit against Ahava in the United States District Court for the Central District of California, Case No CV-11-8257, alleging that Ahava infringed the same patents that are at issue in this case.  On April 24, 2012, the Central District Court dismissed all of JCMS's claims against Ahava with prejudice.  (Case No. CV-11-8257, Dkt. 34.)  On May 9, 2012, that same Court denied JCMS' motion for reconsideration.  (Id. at Dkt. 40.)  JCMS did not pursue an appeal of that order.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

The claims of the patents-in-suit fail to meet the conditions for patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112 and 116, and therefore are invalid.

For example, United States Patent No 6,587,046 is directed to unpatentable subject matter under section 101 of the Patent Act.  In addition, the '046 patent is anticipated by at least the following prior art:  U.S. Patent No. 5,027,104 (Reid), U.S. Patent No. 6,002,326 (Turner),

6

U.S. Patent No. 4,831,438 (Bellman), U.S. Patent No. 4,326,221 (Mallos), U.S. Patent No. 5,619,183 (Ziegra), U.S. Patent No. 5,581,297 (Koz), U.S. Patent No. 5,724,475 (Kirstin), U.S. Patent No. 4,710,917 (Tomkins), U.S. Patent No. 5,382,943 (Tanaka), U.S. Patent No. 5,490,247 (Tang), U.S. Patent No. 5,216,596 (Weinstein), U.S. Patent No. 5,544,649 (David), European Patent No. 80304009.6 (Wiseman), European Patent No. 0606627 (Newmann), PCT International Pub. No. WO 96/02106 (Vellacott), UK Patent Application GB 2253534A (Harris), Classroom Lessons of Astronomy Using the Internet and Its Multimedia Applications (Watanabe), Desktop Teleoperation Via the World Wide Web (Goldberg), The Internet Multicast from ITS: How It Was Done and Implications for the Future (de Moraes), Visual Communication System in an Apartment House Using Fibre Optics (Kojima), Computer-Based Multimedia Video Conferencing System (Noore), Telemonitoring and Centralized Network Management on Optical Fibres for the RN 90 Olympic Games Highway (Vajente-Seguin), Internet TV with C U SeeMe (Sattler), The Trojan Room Coffee Pot (Stafford-Fraser), Global Schoolhouse and Global SchoolNet video, Richard Cogger NSF Grant Application Abstract, NASA and other government systems relating to lunar rovers, satellite controllers, and the space shuttle program, RICOS System, FishCam, QuickCam, Ontario Telepresence Project – Final Report (Riesenbach), May 23rd FallsCam Live Video Feed of Niagra Falls, and others.

United States Patent No. 7,277,010 is directed to unpatentable subject matter under section 101 of the Patent Act.  In addition, the '010 patent is anticipated by at least the following prior art: European Patent No. 80304009.6 (Wiseman), European Patent No. 0606627 (Newmann), PCT International Pub. No. WO 96/02106 (Vellacott), UK Patent Application GB 2253534A (Harris), U.S. Patent No. 5,027,104 (Reid), U.S. Patent No. 6,002,326 (Turner), U.S.

Patent No. 4,831,438 (Bellman), U.S. Patent No. 4,326,221 (Mallos), U.S. Patent No. 5,619,183

(Ziegra), U.S. Patent No. 5,581,297 (Koz), U.S. Patent No. 5,724,475 (Kirstin), U.S. Patent No.

5,382,943 (Tanaka), Classroom Lessons of Astronomy Using the Internet and Its Multimedia

Applications (Watanabe), Desktop Teleoperation Via the World Wide Web (Goldberg), The

Internet Multicast from ITS: How It Was Done and Implications for the Future (de Moraes), Live

Multimedia over HTTP (Soo), Ontario Telepresence Project – Final Report (Riesenbach),

Internet TV with C U SeeMe (Sattler), The Trojan Room Coffee Pot (Stafford-Fraser), May 23rd

FallsCam Live Video Feed of Niagra Falls, and others.

5726951.3/43277-00437

## THIRD AFFIRMATIVE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

JCMS is estopped from asserting infringement of the '046 and '010 patents against the Manwin Defendants by reason of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, statements, admissions, omissions, representations, or disclaimers made by the applicants or on their behalf.

## FOURTH AFFIRMATIVE DEFENSE
## (PROSECUTION LACHES)

JCMS is equitably barred from asserting infringement of the '046 and '010 patents against the Manwin Defendants by reason of delays in prosecution of the patents-in-suit and their predecessor patents and patent applications in the United States Patent and Trademark Office.

## FIFTH AFFIRMATIVE DEFENSE
## (DIVIDED INFRINGEMENT)

JCMS' only remaining claim against the Manwin Defendants in this action, that the Manwin Defendants directly infringe the patents-in-suit, fails under the doctrine of divided infringement.  No Manwin Defendant practices every step of the claimed methods or provides every element of the claimed systems or apparatuses.

## SIXTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS AND PATENT MISUSE)

JCMS is equitably barred from recovering any damages from the Manwin Defendants by virtue of its and its sole member's, Raymond A. Joao's, unclean hands.  For example, Mr. Joao, JCMS, and other entities controlled by Mr. Joao have repeatedly asserted the patents-in-suit and related patents against numerous defendants knowing that the patents-in-suit and related patents

9

are invalid, asserting overbroad readings of the patents-in-suit and related patents, having attempted to defraud other defendants by secretly changing the ownership of the patents-in-suit and related patents and patent applications, making false assertions of the priority dates for certain patents, falsely claiming to be the inventor of the claimed inventions, and engaging in vexatious litigation tactics, including making numerous misrepresentations to courts and defendants, among other things.

## SEVENTH AFFIRMATIVE DEFENSE
### (INVENTORSHIP)

JCMS is barred from asserting infringement of the '046 and '010 patents against the Manwin Defendants because JCMS' sole member, Raymond A. Joao, falsely claims to be the sole inventor of the inventions claimed in the patents-in-suit.  For example, Raymond A. Joao fails to name his father, Raymond D. Joao, Thomas Garben, or Eliot Bernstein as co-inventors when they, and possibly others, are inventors of any inventions validly claimed in the patents-in-suit.

## EIGHTH AFFIRMATIVE DEFENSE
### (NOTICE AND MARKING)

JCMS' claim for damages against the Manwin Defendants is statutorily limited by 35 U.S.C. §§ 286 and 287.

## NINTH AFFIRMATIVE DEFENSE
### (WAIVER, ESTOPPEL AND LICENSE)

JCMS's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, and by a pre-existing license.

10

WHEREFORE, the Manwin Defendants respectfully request that:

(a)    judgment be entered in their favor on all claims in JCMS' Third Amended Complaint;

(b)    JCMS' Third Amended Complaint be dismissed with prejudice;

(c)    the Manwin Defendants be awarded the costs of this action, including reasonable attorneys' fees; and

(d)    the Court award the Manwin Defendants such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Counterclaim plaintiff Manwin D.P. Corp. ("Manwin DP") asserts the following counterclaims against Joao Control & Monitoring Systems, LLC ("JCMS"):

## THE PARTIES, JURISDICTION, AND NATURE OF THE ACTION

1.    Defendant / Counter-Plaintiff Manwin DP is a corporation duly organized and existing under the laws of the State of Delaware.  Manwin DP's principal place of business is located at 2706 Media Center Drive, Los Angeles, California.

2.    Plaintiff / Counter-Defendant JCMS is a limited liability company purportedly organized under the laws of the State of Delaware.  JCMS' principal place of business is located at 122 Bellevue Place, Yonkers, New York.

3.    This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Counterclaim also arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Patent Act, 35 U.S.C. §§ 1, *et seq.*

4.    This Court has personal jurisdiction over JCMS because JCMS maintains its principal place of business in this judicial district, its sole member, Raymond A. Joao, resides in

11

this judicial district, and because JCMS knowingly took the actions giving rise to this

counterclaim in this judicial district.  That is, JCMS knowingly and intentionally filed the

underlying patent infringement action against Manwin DP and other defendants in this judicial

district thereby assenting to this Court's personal jurisdiction over it.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

## COUNT I
## (DECLARATION OF INVALIDITY OF THE '046 PATENT)

6.      Manwin DP repeats and realleges the allegations of Paragraphs 1 through 5 of this

Counterclaim with the same force and effect as if set forth in full herein.

7.      By its Complaint, JCMS has asserted that United States Patent No. 6,587,046

("the '046 patent") is valid and that Manwin DP has infringed the claims of the '046 patent.

8.      Manwin DP has denied JCMS' claim of infringement and has asserted that the

'046 patent is invalid for failure to comply with one or more of the provisions of the Patent Act,

including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116.  For example, the '046

patent is directed to unpatentable subject matter under section 101 of the Patent Act.  In addition,

the '046 patent is anticipated by at least the following prior art:  U.S. Patent No. 5,027,104

(Reid), U.S. Patent No. 6,002,326 (Turner), U.S. Patent No. 4,831,438 (Bellman), U.S. Patent

No. 4,326,221 (Mallos), U.S. Patent No. 5,619,183 (Ziegra), U.S. Patent No. 5,581,297 (Koz),

U.S. Patent No. 5,724,475 (Kirstin), U.S. Patent No. 4,710,917 (Tomkins), U.S. Patent No.

5,382,943 (Tanaka), U.S. Patent No. 5,490,247 (Tang), U.S. Patent No. 5,216,596 (Weinstein),

U.S. Patent No. 5,544,649 (David), European Patent No. 80304009.6 (Wiseman), European

Patent No. 0606627 (Newmann), PCT International Pub. No. WO 96/02106 (Vellacott), UK

Patent Application GB 2253534A (Harris), Classroom Lessons of Astronomy Using the Internet

12

and Its Multimedia Applications (Watanabe), Desktop Teleoperation Via the World Wide Web
(Goldberg), The Internet Multicast from ITS: How It Was Done and Implications for the Future
(de Moraes), Visual Communication System in an Apartment House Using Fibre Optics
(Kojima), Computer-Based Multimedia Video Conferencing System (Noore), Telemonitoring
and Centralized Network Management on Optical Fibres for the RN 90 Olympic Games
Highway (Vajente-Seguin), Internet TV with C U SeeMe (Sattler), The Trojan Room Coffee Pot
(Stafford-Fraser), Global Schoolhouse and Global SchoolNet video, Richard Cogger NSF Grant
Application Abstract, NASA and other government systems relating to lunar rovers, satellite
controllers, and the space shuttle program, RICOS System, FishCam, QuickCam, Ontario
Telepresence Project – Final Report (Riesenbach), May 23rd FallsCam Live Video Feed of
Niagra Falls, and others.

9.      Absent a declaration that the '046 patent is invalid, JCMS will continue to assert
wrongfully the '046 patent against Manwin DP in violation of the laws and contrary to the public
policy of the United States of America, and will thereby continue to cause Manwin DP
irreparable injury and damage.

10.     The foregoing activities and actions have created an actual and justiciable
controversy between Manwin DP and JCMS concerning whether the '046 patent is valid.
Manwin DP, accordingly, seeks a declaration that the '046 patent is invalid.

## COUNT II
## (DECLARATION OF INVALIDITY OF THE '010 PATENT)

11.     Manwin D.P. Corp repeats and realizes the allegations of Paragraphs 1 through 5
of this Counterclaim with the same force and effect as is set forth in full herein.

13

12.     By its Complaint, JCMS has asserted that United States Patent No. 7,277,010 ("the '010 patent") is valid and that Manwin DP has infringed the claims of the '010 patent.

13.     Manwin DP has denied JCMS' claim of infringement and has asserted that the '010 patent is invalid for failure to comply with one or more of the provisions of the Patent Act, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116.  For example, the '010 patent is directed to unpatentable subject matter under section 101 of the Patent Act.  In addition, the '010 patent is anticipated by at least the following prior art: European Patent No. 80304009.6 (Wiseman), European Patent No. 0606627 (Newmann), PCT International Pub. No. WO 96/02106 (Vellacott), UK Patent Application GB 2253534A (Harris), U.S. Patent No. 5,027,104 (Reid), U.S. Patent No. 6,002,326 (Turner), U.S. Patent No. 4,831,438 (Bellman), U.S. Patent No. 4,326,221 (Mallos), U.S. Patent No. 5,619,183 (Ziegra), U.S. Patent No. 5,581,297 (Koz), U.S. Patent No. 5,724,475 (Kirstin), U.S. Patent No. 5,382,943 (Tanaka), Classroom Lessons of Astronomy Using the Internet and Its Multimedia Applications (Watanabe), Desktop Teleoperation Via the World Wide Web (Goldberg), The Internet Multicast from ITS: How It Was Done and Implications for the Future (de Moraes), Live Multimedia over HTTP (Soo), Ontario Telepresence Project – Final Report (Riesenbach), Internet TV with C U SeeMe (Sattler), The Trojan Room Coffee Pot (Stafford-Fraser), May 23rd FallsCam Live Video Feed of Niagra Falls, and others.

14.     Absent a declaration that the '010 patent is invalid, JCMS will continue to assert wrongfully the '010 patent against Manwin DP in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Manwin DP irreparable injury and damage.

15.     The foregoing activities and actions have created an actual and justiciable controversy between Manwin DP and JCMS concerning whether the '010 patent is valid. Manwin DP, accordingly, seeks a declaration that the '010 patent is invalid.

WHEREFORE, Manwin DP respectfully request that the Court enter judgment in its favor against JCMS on its counterclaims, as follows:

(a)     adjudging the claims of the '046 and the '010 patent invalid;

(b)     dismissing JCMS' Third Amended Complaint with prejudice on the merits;

(c)     declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Manwin DP its reasonable attorneys' fees;

(d)     awarding Manwin DP the costs of this action, including reasonable attorneys fees; and

(e)     granting Manwin DP such other and further relief as the Court deems just and proper.

## JURY DEMAND

Manwin DP hereby requests a trial by jury on all issues properly tried to a jury.


DATED:  New York, New York                     MITCHELL SILBERBERG & KNUPP LLP
        December 10, 2013


                                               By: /s/ Jane G. Stevens
                                                   Jane G. Stevens (jgs@msk.com)
                                                   Bradley J. Mullins (bym@msk.com)
                                                   12 East 49th Street, 30th Floor
                                                   New York, New York 10017-1028
                                                   Telephone: (212) 509-3900
                                                   Facsimile: (212) 509-7239

                                                   - and –

                                                   MICHAEL BEST & FRIEDRICH LLP
                                                   Arthur Gollwitzer III
                                                   (agollwitzer@michaelbest.com)
                                                   Two Prudential Plaza
                                                   180 North Stetson Avenue, Suite 2000
                                                   Chicago, Illinois 60601
                                                   Telephone: (312) 596-5847
                                                   Facsimile: (312) 222-0818

                                                   *Attorneys for the Manwin Defendants*

16