**HENINGER GARRISON DAVIS, LLC**

| | |
|---|---|
| 5 Penn Plaza, 23rd Floor | Maureen V. Abbey |
| New York, New York 10001 | Direct Dial: (212) 896-3876 |
| www.hgdlawfirm.com | E-mail: maureen@hgdlawfirm.com |

January 31, 2014

**VIA E-Mail - sullivannysdchambers@nysd.uscourts.gov**
Honorable Richard J. Sullivan
United States District Court for the
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

     Re: *Joao Control & Monitoring Systems, LLC v. Manwin / Digital Playground*;
        Case no. 12-cv-6781*; related to*
        *Joao Control & Monitoring Systems, LLC v. City of Yonkers, et al.*
        Case no. 12-cv-7734-RJS

Dear Judge Sullivan:

  We are writing on behalf of all Parties in the above-referenced actions, consolidated for pre-trial purposes.

  By order dated December 20, 2013, Your Honor entered the Case Management Plan and Scheduling Order. Pursuant to that order, all Parties were to submit a Proposed Protective Order to the Court by January 21, 2014. The Parties requested an extension of one week on January 21, 2014 to see if full agreement could be reached, and this request was granted. On January 29, 2014 the Parties informed the Court via written letter that one area of the Proposed Protective Order remained in dispute and requested judicial intervention. The Court granted the Parties' request and ordered a joint letter stating the Parties' positions be submitted for the Court's consideration.

  Briefly, Plaintiff and Defendants do not agree on whether or not Paragraph 16(b), related to competitive decision-making, should be included in the Protective Order. The Parties' respective positions are detailed below.

**PLAINTIFF**

  Plaintiff has sought to work reasonably with Defendants, agreeing to provisions in the Parties' Proposed Protective Order ("Order") that otherwise would not be included. In addition to adopting numerous definitions and procedures for the handling of confidential information that had been proposed by Defendants, Plaintiff even agreed to prohibit access of confidential information to certain specific third parties, and even to a prosecution bar for which there was no

The Honorable Richard J. Sullivan
United States District Judge
January 31, 2014
Page 2

actual need (since Plaintiff's counsel do not prosecute patents).[1]  Plaintiff does not believe that the Order should include further, unnecessary provisions with restrictions that extend to third parties far after the resolution of this action.

The provision at issue is Defendants' attempt to develop a new type of "competitive decision making" bar that, to Plaintiff's knowledge, has never been sanctioned by this district or indeed *any* district in the United States.

Plaintiff initially objected to the provision due to the vague and uncertain manner in which Defendants sought to include their proposed "bar."  The passage that Plaintiff objected to (and which is included in the proposed Order with Plaintiff's objection) reads:

> Absent written consent from the designating party, any individual who receives or desires to receive access to any Party's Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information in this action, shall not be involved in competitive decision making, as defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) relating to methods or systems for remote control or monitoring of any device.

Order, para. 16(b).

Plaintiff cannot be certain from this passage what conduct would violate the order since *U.S. Steel* did not define the class of individuals with precision; nor did the "definition" include the class of individuals (consultants and experts) that Defendants apparently seeks to include.  See *U.S. Steel Corp. v. United States*, 730 F.2d at 1468 n.3 ("The parties have referred to involvement in 'competitive decision making' as a basis for denial of access.  The phrase would appear serviceable as shorthand for a *counsel's* activities, association, and relationship with a client that are such as to involve *counsel's* advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.")  This base uncertainty cannot and should not be allowed to infect the Order. Any provision regarding a "competitive decision-making bar" should be reserved for circumstances where a party is able to make a particularized showing of need with respect to a specific consultant or expert.

Indeed, the cases cited by Defendants support the conclusion that bars should be based on an actual, not theoretical, need.  This is, in fact, the holding of the principle case relied upon by defendants, *U.S. Steel Corp. v. United States*, in which the court quite clearly holds:

> ***The certified question*** (whether access may be granted to retained and denied to in-house counsel solely on a presumption that inadvertent disclosure by the latter is more likely) ***is answered in the negative***, i.e., ***a denial of access sought by in-house counsel on the sole ground of their status as in-house counsel is error***. In further proceedings, ***access should be denied or granted on the basis of each***

---

[1] But see *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984).

The Honorable Richard J. Sullivan
United States District Judge
January 31, 2014
Page 3

> ***individual counsel's actual activity and relationship with the party represented, without regard to whether a particular counsel is in-house or retained***.

*Id.*, at 1469 (Emphasis added).[2]

Not only have the Defendants not made a particularized showing of need, the protective order already contains prohibitions on use and specific notice provisions that are sufficient to provide the protection that is needed at this stage. Most significantly, the Order contains the following notice provision that will allow defendants to object to a consultant or expert that seeks access to the confidential information (key provisions highlighted).

> If any receiving party desires to disclose Protected Information under this provision, it ***must provide written notice to the counsel of record for the designating party and identify each such expert or consultant and provide a fully executed copy of Attachment A completed by the proposed expert or consultant and that individuals most updated curriculum vitae, including a list of all publications authored in the previous five (5) years and a statement identifying all other cases in which the expert or consultant has provided expert advice or testified as an expert at trial or by deposition in the last four (4) years***. If the designating party does not within ten (10) business days of receipt of such notice object in writing to the counsel of record for the receiving party, setting forth the grounds for the objection and stating which categories, among the categories of Confidential, Attorneys' Eyes Only, and Attorneys' Eyes Only – Source Code, it objects to the disclosure of, the Protected Information may then be disclosed to the expert or consultant. ***If timely objection is made and the parties cannot resolve the issue, the receiving party may thereupon seek an appropriate order from the Court*** allowing disclosure of the Protected Information to the proposed expert or consultant, and the designating party shall have the burden of proof with respect to the propriety of its objection and prevention of the proposed expert or consultant from reviewing the Protected Information.

Paragraph 4(b).

In short, the specific provision proposed by Defendants is unreasonably vague and ambiguous, lacks the required demonstration of a particularized need, and is unnecessary in light of the notice / challenge provisions identified above.

---

[2] Plaintiff notes that Defendants' counsel also misstates the holding of *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471-72 (9th Cir. 1992), which did not "bar[]in-house counsel from access to highly confidential docs because counsel was involved in applying competitive decision-making" but instead "allow[ed] [in-house counsel] access to information through an independent consultant." *Id.* at 1471. Moreover, the *Brown Bag* Court further noted: "The order ***did not arbitrarily distinguish outside and in-house counsel***. Rather, in reaching its decision, the court ***considered the particular circumstances of Brown Bag's counsel then before it***." *Id.* (Emphasis added.)

The Honorable Richard J. Sullivan
United States District Judge
January 31, 2014
Page 4

**<u>DEFENDANTS</u>**

Defendants request that the Court enter the proposed Protective Order submitted by the parties on January 29, 2014, including defendants' proposed paragraph 16(b). The disputed issue as to paragraph 16(b) involves the so-called competitive decision making bar – *i.e*., whether individuals who are involved in competitive decision making related to the subject matter of the patent should be precluded from seeing highly confidential information, including source code. The asserted patents purportedly cover, broadly speaking, methods and systems for remote control or monitoring of devices.

Defendants contend the preclusion is necessary to ensure that their highly confidential technical, source code, and marketing information contained in produced documents is not used (consciously or unconsciously) by actual or potential competitors. Plaintiff JCMS objects to this provision because it contends it would limit the range of potential consultants and/or experts it might use. However, this raises the question as to whether JCMS may intend to use consultants and/or experts who *are* involved in competitive decision making in the areas of the asserted patents. While a consultant or expert might agree not to use protected information they receive for competitive purposes, once the individual has read the highly confidential materials, it is impossible for them to fully segregate that knowledge from other knowledge they have. With specific reference to JCMS itself, JCMS's counsel advised earlier in this litigation that JCMS is developing a product that is covered by the asserted patents. Thus, JCMS is a competitor to defendants.

The Federal Circuit has expressly barred access to highly confidential information by in-house counsel because they were involved in competitive decision making. *U.S. Steel Corp. v. U.S., 730 F.2d 1465* (Fed. Cir. 1984); *see also Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1471-72 (9th Cir. 1992) (barring in-house counsel from access to highly confidential docs because counsel was involved in applying competitive decision-making).

The competitive decision making bar has also been extended to outside experts and consultants. *Vasudevan Software, Inc. v. International Business Machines* , 2010 WL 3629830 at *4-5 (N.D. Cal. Sept 14, 2010) (approving a competitive decision making bar extending to all individuals, including experts).

While many cases address in-house counsel, the reasoning for the protection applies equally to others involved in competitive decision making, including outside consultants and experts. As such, courts have entered protective orders with a general competitive decision making bar such as proposed by defendants. *E.g*., *Sky Technologies, LLC v. SAP AG and Oracle Corporation,* no. 2:06-cv-440, at 8-9 (E.D. Tex. July 9, 2007) (approving protective order barring individuals with access to AEO documents from competitive decision making, over plaintiff's objection, ordering the following: "No Confidential Material or any information derived from Confidential Material may be disclosed to any person who participates in (a) competitive decision making, as defined by U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n.3 (Fed. Cir. 1984)."); ***accord*** Protective Order in *Profectus Technology LLC v Huawei*

The Honorable Richard J. Sullivan
United States District Judge
January 31, 2014
Page 5

*Technologies Co.*, No. 6:11-cv-00474, E.D. Tex., Doc. 200, Nov. 27 2012 ("[A]ny person on behalf of the Plaintiff who receives (whether directly or indirectly) from such producing party access to Protected Documents or Protected Information comprising technical data or technical information that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (apart from solely financial information with such designation, such as revenues, costs, profits, expert damages reports, and the like), and reviews such technical data or technical information ("Barred Individuals"), shall not be involved in competitive decision making, as defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), relating to stand alone and mountable picture displays for displaying digital images on a screen ("Barred Subject Matter") for any person or entity.").

Similarly, the competitive decision making bar should also extend to in-house counsel who are involved in negotiating license agreements. (JCMS is, *inter alia*, a licensing entity.) *E.g., Intel Corp. v. VIA Tech., Inc.,* 198 F.R.D. 525, 528–30 (N.D.Cal.2000) (barring in-house counsel from viewing confidential competitive discovery material because the individual was actively involved in negotiating the terms of licensing agreements as part of settling lawsuits).

JCMS has *agreed* to the patent prosecution bar (Protective Order ¶ 16(a) and (c)), which is an extension of the more general bar on competitive decision making. Patent prosecution in the same area of technology as the asserted patent is viewed as "evidence of competitive decisions" and, thus provides a basis for the prosecution bar. *Methode Electronics v. Delphi Automotive Systems, L.L.C.*, 2009 WL 3875980, *4 (E.D. Mich. Nov. 17, 2009), *affirmed*, 679 F.Supp.2d 828 (E.D.Mich.2010).

The proposed Protective Order submitted herein contains a common (and agreed-upon) provision for challenging a party's proposed expert before the proposed expert may have access to confidential information (Protective Order 4(b)). The purpose of paragraph 4(b) is to prevent an expert who works for a competitor company from having access to the disclosing party's confidential information. The Competitive Decision Making Bar of paragraph 16(b) serves the same purpose, but applies to both experts and non-experts. Paragraph 16(b) addresses the competitive situation between JCMS and the defendants, whereas paragraph 4(b) also includes competition between the Defendants and their other competitors besides JCMS.

Accordingly, Defendants respectfully request that the Court enter the proposed order with Defendants' proposed paragraph 16(b).

    Respectfully submitted,

    **Heninger Garrison Davis, LLC**

    */s/ Maureen V. Abbey*
    Maureen V. Abbey, Esq.

c: Counsel of record (via e-mail)