UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02-03-14
```

JOAO CONTROL & MONITORING
SYSTEMS, LLC,

                Plaintiff,

-v-

DIGITAL PLAYGROUND, INC., *et al.*,

                Defendants.

No. 12 Civ. 6781 (RJS)
ORDER

JOAO CONTROL & MONITORING
SYSTEMS, LLC,

                Plaintiff,

-v-

CITY OF YONKERS, et al.,

                Defendants.

No. 12 Civ. 7734 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is a joint letter from the parties, dated January 31, 2014, addressing a dispute over a single provision in the Proposed Protective Order. (Doc. No. 59.) The disputed provision would prevent persons involved in competitive decision making, as defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), from viewing certain protected information. Plaintiff argues that the definition of "competitive decision making" is vague and that a blanket restriction is unduly broad. Defendants note that other courts have approved similar provisions in cases that also define "competitive decision making" by reference to *U.S. Steel Corp.*

In light of the use of this referential definition in other cases, the Court finds Plaintiff's vagueness argument unpersuasive. Whatever vagueness may exist in the text standing alone is cured by the availability of other courts' interpretation of similar provisions. If, on the other hand, there is little precedent interpreting the phrase, it is because there is little litigation on that issue, which would imply that vagueness is not really a problem. The Court further finds that Plaintiff's suggestion that any disclosure to a person involved in competitive decision making be handled on a case-by-case basis is a recipe for repeated and wasteful sparring. The Court therefore determines that a provision limiting access to persons involved in "competitive decision making" is appropriate.

Nevertheless, the Court finds the language proposed by Defendant to be unnecessarily confusing. As written, the provision could be read to bar anyone who receives the information from engaging in competitive decision making, as opposed to barring competitive decision makers from receiving the information. *See Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. 09 Civ. 05897 (RS), 2010 WL 3629830, at *4–5 (N.D. Cal. Sept. 14, 2010) (expressing the same concern over a similar provision). Accordingly, IT IS HEREBY ORDERED THAT the parties shall, no later than February 4, 2014, submit a proposed Protective Order including a provision with clearer language. *See, e.g.*, Protective Order, *Sky Techs., LLC v. SAP AG*, No. 06 Civ. 440 (E.D. Tex. July 9, 2007), Doc. No. 106 ¶ 8 ("No Confidential Material or any information derived from Confidential Material may be disclosed to any person who participates in . . . competitive decision making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cir. 1984) . . . .").

SO ORDERED.

Dated:   January 31, 2014
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE