JOAO CONTROL & MONITORING
SYSTEMS, LLC,

     Plaintiff,

  v.

DIGITAL PLAYGROUND, INC., *et al.*,

     Defendants.

Civil No. 12-CV-6781 (RJS)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-6-14
```

JOAO CONTROL & MONITORING
SYSTEMS, LLC,

     Plaintiff,

  v.

CITY OF YONKERS, *et al.*,

     Defendants.

Civil No. 12-CV-07734 (RJS)


**PROTECTIVE ORDER**


   WHEREAS, Plaintiff Joao Control & Monitoring Systems, LLC ("JCMS" or "Plaintiff")

and Defendants City of Yonkers ("Yonkers"), Vehicle Tracking Solutions, LLC ("VTS"),

American Traffic Solutions Inc. ("ATS"), Finem, Inc. f/k/a Digital Playground, Inc. ("Finem"),

and Manwin D.P. Corp., Mindgeek S.ar.l. (f/k/a "Manwin Holding S.ar.l."), Manwin Billing MU

Ltd., Manwin Billing US Corp. (f/k/a "Ahava Incorporated"), Manwin Billing Ireland, Ltd.,

Johnsburg Ltd., Licensing IP International S.ar.l. (f/k/a "Manwin Licensing International

S.ar.l."), 9219-1568 Quebec Inc. (formerly d/b/a "Manwin Canada" and n/k/a "Mindgeek"), and

Manwin Billing CY Ltd. (collectively, the "Manwin Defendants"), (collectively, "Defendants",

individually, "defendant") are presently engaged in discovery;

1

WHEREAS, discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of Plaintiff, Defendants, or other non-parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS, such confidential information must be protected in order to preserve the legitimate interests of the parties or other such persons;

WHEREAS, the parties have agreed to the entry of this Protective Order to permit each other to discover information deemed confidential and/or highly sensitive pursuant to procedures protecting the confidentiality of such information; and

WHEREAS the parties have established good cause for entry of this Protective Order. IT IS HEREBY STIPULATED AND ORDERED, as follows:

1.  <u>Designating Protected Information</u>:  Any party or non-party witness may designate any document, deposition testimony and exhibits, interrogatory answers, requests to admit and responses thereto and other written, recorded or graphic matter, and information therein (hereinafter "Items") as "Confidential", "Attorneys' Eyes Only," and/or "Attorneys' Eyes Only – Source Code" (collectively, "Protected Information") in the above-captioned action ("Action") in the manner set forth below.

2.  <u>Definitions</u>.

(a)   The term "Confidential" Information includes any non-public information that the designating party reasonably believes in good faith constitutes or reveals a trade secret, other proprietary or confidential research, development, business, financial, sales, marketing, or

2

commercial information, or information otherwise within the scope of Rule 26(c) of the Federal Rules of Civil Procedure or the precedents thereto that the designating party would not disclose to third parties or that it would cause third parties to maintain in confidence.

(b)     The term "Attorneys' Eyes Only" Information includes any non-public information that the designating party reasonably believes in good faith is not only "Confidential," as that term is defined herein, but, in addition, that such information constitutes or reveals highly sensitive information, which if disclosed to persons of expertise in the area would be likely to reveal meaningful technical or business advantages of the designating party, including but not limited to: proprietary customer, supplier, and distributor information, sensitive financial data, marketing and business plans or strategies for existing or new products or processes, and research, development, design and technical information for existing or new products or processes.  Attorneys' Eyes Only Information is rebuttably presumed to exclude information that, although it may have at a previous time, no longer constitutes or reveals highly sensitive information due to the passage of time.

(c)     The term "Attorneys' Eyes Only – Source Code" includes computer source code including, without limitation, computer code, scripts, assembly, source code listings and descriptions of source code, object code listings and descriptions of object code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software (collectively referred to in this Order as "Source Code Material").

(d)     The term "Protected Information" shall mean information designated as containing or comprising Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only – Source

Code Information pursuant to the provisions of this Protective Order. It shall apply to all information, documents, and things within the scope of discovery in this action, that are in the custody or possession of, or are owned or controlled by, the Plaintiff, the Defendants, or other non-parties, including, without limitation, documents and things produced pursuant to Rules 26, 33, 34, or 36 of the Fed. R. Civ. P., any other information produced pursuant to discovery requests or disclosure requirements of the Court's scheduling order, information produced by other persons to whom the producing or designating party is under an obligation to maintain in confidence, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31 of the Fed. R. Civ. P., hearings or trial, as well as any other tangible things or objects that are designated as containing or comprising Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information. The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such information shall also be deemed Protected Information. Information originally designated as Protected Information shall not retain that status after any ruling by the Court denying such status to it. Further, no defendant shall receive access to or disclosure of Protected Information of another defendant, absent the written consent of the producing party (for the purposes of this provision, "defendant" refers to a party sued by plaintiff, and not a counterclaim defendant). For the avoidance of doubt, each defendant shall be entitled to access to or disclosure of plaintiff's Protected Information produced *in the present action* by plaintiff to one or more defendants *in the present action* without requiring separate approval from the plaintiff. No party shall designate as Protected Information documents, things, or other information that: (i) is or becomes lawfully in the possession of the receiving party

4

through communications other than production or disclosure in this action, and the receiving party is free from any and all confidentiality obligations regarding the Protected Information, or (ii) is or becomes part of the public domain by publication or otherwise, and not due to any unauthorized act or omission on the part of the receiving party, and the receiving party is free from any and all confidentiality obligations regarding the Protected Information.

(e)     The term "designating party" means the party or person designating documents or information as Protected Information under this Protective Order.

(f)     The term "receiving party" shall mean the party or person to whom Protected Information is disclosed.

(g)     Notwithstanding anything to the contrary herein, the description of Protected Information shall apply to all that information so designated by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

3.     Designation of "Confidential," "Attorneys' Eyes Only," and "Attorneys' Eyes Only Source Code" Information as Protected Information: Each designating party that produces or discloses any material that it believes contains or comprises Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information shall designate the same as Protected Information.  With respect to documents or copies provided by one party to the other, the designating party shall prominently mark the initial page and the page or pages on which any Protected Information appears with the legend "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code" as the case may be.  With respect to tangible objects, the designating party shall prominently place the appropriate legend on the object or its container or

packaging.  With respect to information or intangible things, the designating party shall give notice to all other parties that the information or intangible things are "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code" as the case may be.  In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as Attorneys' Eyes Only materials.  Only those persons permitted to view Attorneys' Eyes Only materials may be present at any such inspection.  When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 2.

4.    Access to Items Designated as "Attorneys' Eyes Only" and "Attorneys' Eyes Only – Source Code".  Subject to the provisions of Paragraph 2 and the restrictions of Paragraph 16 of this Protective Order, Items that are designated as "Attorneys' Eyes Only" or "Attorneys' Eyes Only - Source Code" shall be disclosed only to:

(a)    Outside legal counsel of record for Plaintiff or defendant, including outside counsel admitted pro hac vice, counsel from the same law firm as outside counsel of record, outside counsel retained to assist legal counsel of record for Plaintiff or defendant, and necessary paralegals, secretaries, and clerical personnel assisting all such counsel.  Outside legal counsel entitled to access to Attorneys' Eyes Only information shall not include Raymond A. Joao, George Proios, or Eugene Potter.

6

(b)      Outside consultants or experts and their staff, whose advice and consultation are being or will be used by Plaintiff or defendant for purposes of this litigation, and who are not current officers, directors, or employees of Plaintiff or defendant, as long as these personnel first sign a Confidentiality Agreement (in the form attached as Attachment A hereto). Individuals entitled to access to Attorneys' Eyes Only information under this subsection shall not include: Gregory T. Joao, Christopher Joao, Steve McConaughey, Renata Colon, Tom Garben, Roger London, or Robert Bock. If any receiving party desires to disclose Protected Information under this provision, it must provide written notice to the counsel of record for the designating party and identify each such expert or consultant and provide a fully executed copy of Attachment A completed by the proposed expert or consultant and that individuals most updated curriculum vitae, including a list of all publications authored in the previous five (5) years and a statement identifying all other cases in which the expert or consultant has provided expert advice or testified as an expert at trial or by deposition in the last four (4) years. If the designating party does not within ten (10) business days of receipt of such notice object in writing to the counsel of record for the receiving party, setting forth the grounds for the objection and stating which categories, among the categories of Confidential, Attorneys' Eyes Only, and Attorneys' Eyes Only – Source Code, it objects to the disclosure of, the Protected Information may then be disclosed to the expert or consultant. If timely objection is made and the parties cannot resolve the issue, the receiving party may thereupon seek an appropriate order from the Court allowing disclosure of the Protected Information to the proposed expert or consultant, and the designating party shall have the burden of proof with respect to the propriety of its objection and prevention of the proposed expert or consultant from reviewing the Protected Information. The disclosure

7

of the identity of a consultant or expert will not be a waiver of any privilege that applies to communications with that consultant or expert or the consultant's or expert's work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

(c)     Each person or service contracting firm retained by Plaintiff or defendant for the purpose of photocopying, scanning, translating, litigation database management, and/or operation, or other clerical function.

(d)     Each person or service contracting firm retained by Plaintiff or defendant for the purpose of producing graphic or visual aids or exhibits, as long as these personnel first sign a Confidentiality Agreement (in the form attached as Attachment A hereto).

5.     The Court, Court personnel, and Official Court Reporters to the extent that Protected Information is disclosed at a deposition or court session which such reporter is transcribing.

6.     Access to Items Designated as "Confidential": Subject to the provisions of Paragraph 2 of this Protective Order, Items which are designated as "Confidential" may be disclosed only to the following individuals:

(a)     Those persons qualified to receive "Attorneys' Eyes Only" Information.

(b)     "Designated in-house counsel." The term "designated in-house counsel" shall mean in-house counsel who are members in good standing of the bar in at least one U.S. state or Canadian authority. To facilitate the progress and management of this litigation, each party to this action may designate two (2) in-house attorneys as "designated in-house counsel" who may have access to Confidential Information. Before disclosing any Confidential

8

Information to designated in-house counsel, the party designating such in-house counsel shall provide to the other parties to this Action notice (sent by e-mail) that includes a copy of the undertaking attached as <u>Attachment A</u> signed by each designated in-house counsel. Thereafter the producing party shall have ten (10) business days after such notice is given to object in writing (by e-mail) to the designation of any designated in-house counsel, setting forth the specific grounds for the objection to the disclosed individual. No Confidential Information shall be disclosed to designated in-house counsel until after the expiration of the foregoing notice period. If during the notice period, the producing party serves an objection upon the party desiring to disclose Confidential Information to designated in-house counsel, there shall be no disclosure of Confidential Information to the designated in-house counsel toward whom the objection was made pending resolution of the objection. The producing party objecting to the disclosure shall provide an explanation of the basis of its objection, and consent to the disclosure of Confidential Information to designated in-house counsel shall not be unreasonably withheld. If timely objection is made and the parties cannot resolve the issue, the receiving party may thereupon seek an appropriate order from the Court allowing disclosure of the Confidential Information to the proposed designated in-house counsel, and the designating party shall have the burden of proof with respect to the propriety of its objection and the prevention of the proposed designated in-house counsel from reviewing the Confidential Information. No Confidential Information shall be provided to the designated in-house counsel toward whom the objection was made until after resolution of the objection either by the parties or by the Court. If the producing party fails to file an objection with the Court within the prescribed period, then any objection to the designated in-house counsel is waived, and any Confidential Information

may be thereafter disclosed to the designated in-house counsel.  In the event of a change in employment or assignment for designated in-house counsel, a party may designate a substitute designated in-house counsel by following the disclosure procedures set forth above.

(c)    "Non-technical jury or trial consulting services."  The term "non-technical jury or trial consulting services" shall mean mock jurors and personnel assisting with mock jurors.  All non-technical jury or trial consulting services must sign the undertaking in the form of Attachment A prior to receiving Confidential Information.  No Confidential Information shall be permitted to remain in the possession of any mock juror.

7.    The foregoing lists in Paragraphs 5-6 may be expanded by mutual agreement in writing by counsel for Plaintiff and Defendants.

8.    Protected Information designated "Attorneys' Eyes Only – Source Code" shall be subject to all the restrictions that apply to Attorneys' Eyes Only Information, and to the following additional restrictions:

(a)    A single electronic copy of party's Attorneys' Eyes Only – Source Code shall be made available for inspection on a "stand-alone" computer(s) at the producing party's discretion (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet); ("the Source Code Computer").

(b)    The stand-alone computer shall be password protected and supplied by the producing party.  The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Attorneys' Eyes Only – Source Code on the Source Code Computer.

10

(c)     Access to the Source Code Computer shall be permitted, after notice to the provider and an opportunity to object as set forth in paragraph 4(b), and further subject to the provisions of Paragraph 16, to up to three (3) outside counsel representing the requesting party and up to three (3) outside experts retained by the requesting party (i.e., not existing employees or affiliates of a party or an affiliate of a party, and not any of the individuals specifically identified in paragraph 4 hereof), all of whom have been approved under this Protective Order.

(d)     Attorneys' Eyes Only – Source Code may not be printed or copied without the agreement of the producing party or further order of the Court. The parties herein agree that the printing of 5 pages of source code per inspection visit may be reasonably necessary for Plaintiff's use in in this case pursuant to this Protective Order (such as in expert reports, motions , or depositions).   More pages may be printed upon agreement of the parties as reasonably necessary after good faith discussion.  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room without the agreement of the producing party.  The receiving party's counsel and experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes on the Source Code Computer itself, or any other computer.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(e)     The source code provider shall provide a manifest of the contents of the stand-alone computer.  This manifest, which will be supplied in both printed and electronic form,

11

will list the name, location, and MD5 checksum of every source and executable file escrowed on the computer.

        (f)      The Source Code Computer provided by the producing party shall run a reasonably current version of Microsoft Windows, or Apple OS.  The producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing party's business.  .The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the Source Code Computer, provided, however, that such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein.  The receiving party must provide the producing party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Source Code Computer.

        (g)      The receiving party shall restrict its requests for such access to the Source Code Computer  to normal business hours, which for the purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m., Monday through Friday with reasonable advance notice of at least five (5) business days prior to requested access.  However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer(s) outside of normal business hours.  The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material at the offices of its outside counsel or another mutually agreed upon location shall not

unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

        (h)    A receiving party may include excerpts of Attorneys' Eyes Only – Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Attorneys' Eyes Only – Source Code documents are appropriately marked under this Order and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders;. Access to any such Attorneys' Eyes Only – Source Code documents shall be limited solely to those individuals who are authorized to access Attorneys' Eyes Only – Source Code documents and such materials shall be treated as printed source code as set forth in Paragraph 4 of this agreement.

        (i)    To the extent portions of Attorneys' Eyes Only – Source Code are quoted in a document, either (1) the entire document will be stamped and treated as Attorneys' Eyes Only – Source Code or (2) those pages containing quoted Attorneys' Eyes Only – Source Code will be separately stamped and treated as Attorneys' Eyes Only – Source Code Information;

        (j)    If the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of Attorneys' Eyes Only – Source Code pursuant to paragraph 9(d), the receiving party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts. The receiving party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code received from a producing party, not including copies attached to court filings or used at depositions. Further, the receiving party shall keep a log, available to each designating party, of the consultants or experts who have

13

received restricted confidential source code. The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Attorneys' Eyes Only – Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Attorneys' Eyes Only – Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to Court proceeding or deposition); and

      (k)     A producing party's Attorneys' Eyes Only – Source Code may only be transported by the receiving party at the direction of a person authorized under paragraph 9(d) above to another person authorized under Paragraphs 4 and 16 herein, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Attorneys' Eyes Only – Source Code Information may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Attorneys' Eyes Only – Source Code Information may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 8(l) above and is at all times subject to the transport restrictions set forth herein. But, for these purposes only, the Attorneys' Eyes Only – Source Code may be loaded onto a stand-alone computer.

      (l)     At the end of the litigation in which Attorneys' Eyes Only – Source Code Information is received (including any related appeals), any entity receiving source code will certify that: (a) all printed copies of source code have been returned, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) any electronic storage or memory media (if authorized) which may contain source code have been returned,

fully reformatted, and/or destroyed; and (c) any access logs maintained by counsel have been archived along with counsel's other records from this litigation. Other than as set forth in this subparagraph, counsel may not maintain a file copy of source code material.

      9.    <u>Disclosure of Protected Information to Other Persons</u>: If attorneys for either party wish to disclose Items designated as Protected Information to persons not permitted access under this Protective Order, the party wishing to make such disclosure shall give at least ten (10) business days advance notice in writing to counsel for the party which so designated the information, stating the names and addresses of the person(s) to whom disclosure will be made, identifying the Items to be disclosed, stating the relationship, if any, of such person(s) to the parties or either of them and stating the purpose of such disclosure. Such written notice must be sent with receipt confirmation to all attorneys of record in the litigation. If no objection to the disclosure is made within the ten (10) business days, the disclosure may proceed. If objection to disclosure is made, the parties shall attempt to resolve informally the objection before the party proposing disclosure seeks relief from the Court. Nothing designated as Protected Information under this Protective Order may be disclosed to any such other persons until objections are resolved by the parties or the Court. If, within the ten (10)- business day period, no objection is made to the proposed disclosure, and before any such disclosure is made, such other person(s) shall sign a recital in the form of <u>Attachment A</u> that the signatory has read and understands this Protective Order, will abide by all of its provisions, and a copy of such recital shall be provided to the attorneys who originally designated the Item as a "Confidential" or "Attorneys' Eyes Only" Item.

10. Disclosure of Protected Information to Non-Party Deponents: A non-party deponent may, during the deposition, be shown and examined about Protected Information Items if one of the following conditions is met: (a) the provisions of Paragraph 10 of this Protective Order are complied with; (b) if it appears from the Item that the deponent sent, received, or has otherwise seen or known about the Item; or (c) if it is being shown by the attorney for the party that designated the Item as a Protected Information Item on behalf of her/his client.

11. Filing Protected Information with the Court. Any party may file with the Court documents or tangible items designated as "Attorneys' Eyes Only," "Attorneys' Eyes Only – Source Code," or "Confidential;" subject to the restrictions set forth herein for such Protected Information. Any briefs, transcripts, exhibits, depositions or documents filed with the Court which comprise, summarize, discuss the substance of, or quote from documents or tangible things designated "Attorneys' Eyes Only," "Attorneys' Eyes Only – Source Code," or "Confidential" shall be filed under seal in compliance with the Court's Local Rules unless the parties otherwise agree, or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be filed under seal (for example, exhibits). When filing redacted versions of sealed document pursuant to the Court's standing order, the parties will redact those portions of text describing such items or information.

12. Unauthorized Disclosure of Protected Information. No party or person shall disclose or cause to be disclosed to anyone not specified in this Protective Order as being entitled to receive it, any information designated as Protected Information under this Protective Order without prior written consent of the designating party or an Order of this Court. If the receiving party learns that Protected Information produced to it is disclosed to any person other than in the

16

manner authorized by this Order, the receiving party learning of the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

13.  Designation of Deposition Transcripts:  Parties (and deponents) may designate the original and all copies of any deposition transcript (and exhibits thereto) as "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code" Items by orally indicating the appropriate designation on the record before the close of the deposition or by notifying the court reporter and all counsel in writing of the appropriate designation within thirty (30) days after receiving the final transcript, during which thirty (30)-day period the transcript shall be treated as "Attorneys' Eyes Only."  If no oral designation was made at the deposition and no written designation is made within the thirty (30)-day period, then the transcript and testimony shall be deemed non-confidential.  Documents and things already designated Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only-Source Code which are used as exhibits shall remain as such.  If, during a Court proceeding, Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information is likely to be revealed, any party may request that the proceeding be held in camera.  If such a request is granted by the Court, the transcript of such proceeding shall be treated as a deposition transcript for the purposes of this Order.

During the course of any deposition, upon inquiry with regard to Protected Information, counsel for the Designating Party may request that all persons other than the reporter, counsel of record, and individuals authorized under Paragraph 4 of this Order leave the deposition room during such inquiry.  The failure of such other person to comply with a request to leave the deposition may constitute contempt of this Order and shall constitute substantial justification for

17

counsel to advise the witness that he or she need not answer the question and terminate the deposition.

14.     Inadvertent Production of Protected Information:   Where Protected Information has been produced without designation, or bearing a mis-designation, the producing party may correct this through written notification to counsel for the receiving party that the document, thing, or other discovery information, response, or testimony is Protected Information and shall be treated as Protected Information in accordance with the provisions of this Protective Order. The parties shall treat the document or thing in the manner designated in the written notification, and such document or thing shall be subject to this Protective Order as if it had been initially so designated. The producing party shall provide properly marked replacement documents or other tangible items to the receiving party within ten (10) days after the notice.  Within ten (10) days of receiving properly marked replacements, the receiving party shall confirm in writing that the unmarked documents or other tangible things were destroyed, or return the previously unmarked documents or tangible items to the producing party.  Upon notice to the receiving party of such failure to designate, the receiving party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the inadvertently disclosed information, without prejudice.  If, prior to receiving such notice, the receiving party has disseminated any Protected Information to individuals not authorized to receive it hereunder, the receiving party shall make reasonable efforts to retrieve the Protected Information or to otherwise ensure that the recipient(s) properly mark and maintain the Protected Information.  In addition, the receiving party shall immediately notify the producing party of such dissemination.

In the event two or more copies of the same Protected Information are produced with conflicting designations, the more restrict designation applies to all copies.

15.   <u>Offering Protected Information in Evidence</u>:   Subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, Protected Information Items may be offered in evidence at trial or any court proceeding.   However, any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

16.   Patent Prosecution and Competitive Decision-making Bars:

(a) Persons obtaining access to Protected Information under this Protective Order shall use the Item and the information contained therein only for preparation and trial of this Action (including appeals and retrials) and shall not use such Item or information for any other purpose, including but not limited to use in other litigations, use of business purposes, or use for patent prosecution.

(b) Absent written consent from the designating party, no Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information in this action may be disclosed to any person who participates in competitive decision making, as defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) relating to methods or systems for remote control or monitoring of any device.   Any individual who desires to receive access to any Party's Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information in this action will agree not to engage in competitive decision making relating to

19

methods or systems for remote control or monitoring of any device for the period described in paragraph 16(d).

(c) Absent written consent from the designating party, any individual who receives or desires to receive access to any Party's Attorneys' Eyes Only or Attorneys' Eyes Only – Source Code Information in this action (apart from solely financial information such as revenues, costs, profits, expert damages reports, and the like), shall not be involved in the prosecution of patents or patent applications relating to methods or systems for remote control or monitoring of any device for any entity other than the Party from whom the information originates, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent Office. This prosecution bar is personal to the attorneys of record in this action and shall not be imputed to any other person or entity. For purposes of this paragraph, "prosecution" includes drafting or amending claims but shall not include representing a party in a reissue, reexamination, *inter partes* review, or post-grant review proceedings so long as the barred persons are not involved in drafting, amending, advising, or otherwise suggesting language for the scope of patent claims.

(d) The use, competitive decision making and prosecution bar in this Paragraph 16 shall begin when access to the Party's Attorneys' Eyes Only, of Attorneys' Eyes Only – Source Code, Information is first received by the affected

20

individual and shall end one (1) years after final termination of this litigation, including appeals. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

17.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this Action and, in the course thereof, relying upon his or her examination of, but without disclosing, Protected Information Items (except to the extent permitted by this Order).

18.     <u>Control and Access of Protected Information</u>: The attorneys of record and parties are responsible for employing reasonable measures to control access to and distribution of Items designated as Protected Information Items pursuant to this Protective Order. To the extent it is necessary for any of the attorneys of record and/or the parties to create any duplicates and/or copies, including but not limited to electronic copies, of any documents or Items designated as Protected Information, the duplicating attorney of record or party shall be responsible for ensuring that such duplicates and/or copies are designated as Protected Information in accordance with the designation of the original document or Item and the terms of this Protective Order.

19.     Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional protective orders.

20.     This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential, Attorneys' Eyes Only, and/or Attorneys' Eyes Only –

21

Source Code Information to which there is no objection other than confidentiality. Neither the agreement of the parties with respect to Protected Information, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue on the merits in this action. Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Confidential, Attorneys' Eyes Only, and/or Attorneys' Eyes Only – Source Code Information on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Order in any particular circumstance.

21.    This Protective Order may be amended with respect to (a) specific documents or items of Protected Information or (b) persons to whom Protected Information may be disclosed by Court order or by written agreement of the parties hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court.

22.    Nothing contained in this Protective Order shall be construed to restrain a party or non-party from disclosing its own Protected Information as it deems appropriate. Nothing contained in this Protective Order shall be construed to require production of any Protected Information deemed by counsel for the party or non-party possessing such material to be privileged or otherwise immune from discovery. This shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

23.    Nothing contained in this Protective Order shall be construed to limit any party's rights: (a) to use, in taking depositions of another party, its employees, or its experts, or in briefs or at trial or in any proceeding in this litigation, any Protected Information of the said other

22

party, or (b) to disclose Protected Information to any witness at a deposition or at trial in this litigation who either authored (in whole or in part), received, or lawfully has or had access to such information. In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is a present officer, director, or employee of the designating party. However, any Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information so used shall not lose its confidential status through such use, and its confidentiality shall be protected in conformance with this Order.

24.     If counsel believe that any question or questions that will be put to a witness at a deposition or at trial in this action will disclose material designated as Protected Information, or that answers to any question or questions will require such disclosure, or if material designated Protected Information will be used as an exhibit at such a deposition, counsel shall advise opposing counsel of same, and the deposition (or confidential portions thereof), shall be conducted only in the presence of persons entitled under the terms of this Protective Order to have access to Protected Information.

25.     Other Proceedings:   By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

If a party in possession of Items designated as Protected Information is served with a subpoena, demand, or request for production of such information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand, or request such information, the recipient shall give immediate written notice of the subpoena, demand, or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party.

In the event that a motion, subpoena, demand or request purports to require production of such Items designated as "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" on less than ten (10) days' notice, the party to whom the motion, subpoena, demand, or request is directed shall give prompt telephonic notice of the receipt of such motion, subpoena, demand, or request to the attorneys for the producing or disclosing party.

26.     Third Party Discovery or Testimony. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may, in accordance with the terms of this Protective Order, designate as "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.

27.     Non-Party's Protected Material Sought to be Produced in This Litigation: If any Confidential, Attorney's Eyes Only, or Attorneys' Eyes Only – Source Code Information is produced by a non-party to this litigation pursuant to this Protective Order, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order. The parties recognize that during the course of this litigation, Confidential, Attorney's Eyes Only, or Attorneys' Eyes Only – Source Code Information that originated with a

24

non-party and for which there exists an obligation of confidentiality may be produced. Non-parties shall have ten (10) business days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as Attorneys' Eyes Only in accordance with this Order. A third party's use of this Protective Order to protect its "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" information does not entitle that third party access to such documents produced by any party in the above-captioned case. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections. A copy of this Protective Order shall be served along with any subpoena served with this action.

28.     In the event that a party is required by a valid discovery request to produce a non-party's Protected Information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's Protected Information, then the party shall:

(a)     Promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b)     Promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within five (5) business days of receiving the notice and accompanying information, the receiving party shall produce the non-party's Protected Information responsive to the discovery request, subject to other appropriate, good faith objections.  If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its protected material.

29.     Termination of Litigation, Certification of Destruction, and Continuing Nature of Confidentiality:  Within sixty (60) days after final conclusion of all aspects of the litigation with respect to a given defendant, either by the entry of a final, non-appealable judgment or order, the complete settlement of all claims asserted against the defendant , or by other means, each of plaintiff and the defendant shall, at its option, either return to the producing party or destroy all physical objects identified as "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" which were received from the producing party.  If a party's counsel elects to destroy Protected Information pursuant to this section, outside counsel shall certify in writing that it has done so, within 60 days after final conclusion of all aspects of the litigation with respect to the given defendant.  Notwithstanding the foregoing, counsel of record may retain a copy of all notes, memoranda, and other work product materials, correspondence, pleadings and motion papers including all supporting or opposing papers and exhibits thereto), discovery requests, deposition and trial transcripts, exhibits offered into evidence at trial, and expert reports designated as Protected Information, or incorporating such materials.  Notwithstanding the

26

provisions of this Paragraph, outside counsel of record in this matter is not required to delete information that may reside on their respective firm's electronic disaster recovery systems which are over-written in the normal course of business. However, the outside firms who have appeared as counsel of record in this matter agree that no "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" information shall be retrieved from the electronic disaster recovery systems after the conclusion of the above-captioned matter. This Protective Order, and all obligations and duties arising under it, shall remain in effect after the final termination of this Action, unless otherwise ordered by the Court.

30.     Resolution of Inconsistent Provisions:  In the event that there are inconsistent provisions set forth in this Protective Order governing access to Protected Information, the inconsistency shall be resolved in favor of the most restrictive provision, i.e., the one which would bar disclosure of such information.

<u>Miscellaneous Provisions</u>

31.     Nothing herein shall be construed as an agreement or admission (a) that any information or Item designated as Protected Information is, in fact, confidential; or (b) that the information contained therein is competent, relevant, or material as evidence in this cause.

32.     Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection. Any receiving party may at any time request that the designating party cancel or change the Protected Information designation with respect to any document, object or information. Such request shall be written, shall be served on counsel for the designating party, and shall particularly identify the designated Protected Information that

the receiving party contends is not Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Information and the reasons supporting its contention. If the designating party does not agree to remove or change the Protected Information designation, then the receiving party may — after meeting-and-conferring with counsel for the designating party unless the designating party does not make itself available to meet-and-confer within five business days of receiving the request for redesignation — file a motion to be relieved from the restrictions of this Order with respect to the document or information in question, and the designating party shall have the burden of proving that its designation was appropriate. Production of documents and things for purpose of inspection and copying shall not constitute a waiver of confidentiality, privilege or immunity from discovery as to such documents or any other information.

33.     This Protective Order shall be without prejudice to the rights of the parties to seek a modification thereof, and each party shall have the right to oppose production of any information for any reason other than confidentiality.

34.     All documents and things produced by a party for inspection by the other shall be retained by the party producing the same and, during the pendency of this litigation, shall be made available for reinspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

35.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

36.     Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional protective orders.

37.     Counsel shall make a good faith effort to resolve by agreement any questions concerning the interpretation or application of this Protective Order that may arise.

38.     Nothing in this Protective Order shall be deemed a waiver of any objections to discovery requests served by the parties or shall change the timing of responses to discovery requests, which shall be governed by the applicable Local and Federal Rules.

39.     The invalidity or unenforceability of any provision of this Order shall not affect the validity or enforceability of any other provision.

40.     All notices required by this Order shall be served by electronic mail, with electronic return receipt. In the event no return receipt is received from counsel for any party in response to a notice or if the sending party receives information showing that the notice was not delivered to counsel for any party (e.g. the email bounces back undelivered), the sending party shall take additional appropriate steps to ensure that actual  notice is provided to each such person. Any times set forth herein running from the providing of such notice shall run from the time such actual notice is provided or from the time an email return receipt is sent.

41.     This Order shall survive the final conclusion of this action, and this Court shall retain jurisdiction to enforce this Order beyond the conclusion of this action.

IT IS SO ORDERED THIS _____ DAY OF FEBRUARY, 2014.



_____
The Honorable Richard J. Sullivan

See attached
addendum.

29

Stipulations to Agreed Protective Order:

Dated: February 4, 2014

This Addendum is an integral part of the Order
of today's date granting confidentiality protection
to certain materials.  Notwithstanding any other
provision, no document may be filed with the Clerk
under seal without a further Order of this Court
addressing the specific documents to be sealed.  Any
application to seal shall be accompanied by an
affidavit or affidavits and a memorandum of law,
demonstrating that the standards for sealing have
been met and specifically addressing Lugosch v.
Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d
Cir. 2006) and any other controlling authority.

Nothing herein is intended to alter or modify
the applicability of Federal Rule of Civil Procedure
5.2 to this case.  The redactions expressly
authorized by Rule 5.2 may be made without further
application to the Court.

SO ORDERED
Dated: 2/4/14

RICHARD J. SULLIVAN
U.S.D.J.

Attachment A

CONFIDENTIALITY AGREEMENT

I, _____, have read and understand the Protective Order in the case currently styled JOAO CONTROL & MONITORING SYSTEMS, LLC V. DIGITAL PLAYGROUND, INC., et al. (Case No. 12-CV-6781) and/or JOAO CONTROL & MONITORING SYSTEMS, LLC V. CITY OF YONKERS, et al. (Case No. 12-CV-7734) and agree to be bound by its terms with respect to any documents, information, or materials that are furnished to me as set forth in the Protective Order. I agree not to disclose to anyone any such documents, information, or materials. I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will be returned by me to the person who furnished such documents, materials, or information to me upon conclusion of the case. I consent to the jurisdiction of the U.S. District Court for the Southern District of New York for the limited purpose of any proceedings to enforce the terms of the Protective Order and for no other purpose. In the event that a U.S. District Court with jurisdiction over this matter issues an order transferring this matter to another U.S. District Court, I agree that my consent to jurisdiction, as provided herein, in any matter related to this Agreement will also transfer as indicated in any such order.

Date:_____        _____
                                    Signature