**HENINGER GARRISON DAVIS, LLC**

| | | |
|---|---|---|
| DARA T. JEFFRIES<br>ATTORNEY | 3621 VININGS SLOPE<br>VININGS MAIN, SUITE 4320<br>ATLANTA, GEORGIA 30339 | TELEPHONE: (404) 996-0867<br>WEBSITE: WWW.HGDLAWFIRM.COM<br><br>EMAIL: DJEFFRIES@HGDLAWFIRM.COM |

April 14, 2014

**VIA E-Mail - sullivannysdchambers@nysd.uscourts.gov**
Honorable Richard J. Sullivan
United States District Court for the
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

      Re:    *Joao Control & Monitoring Systems, LLC v. Digital Playground, Inc., et al.*;
              Case no. 12-cv-6781

Dear Judge Sullivan:

      We represent Joao Control & Monitoring Systems, LLC, Plaintiff in the above-referenced action. Pursuant to your Order dated April 11, 2014 and the individual rules and practices of this Court, we hereby renew our request to submit this letter brief and request leave to file a motion for enforcement of the protective order entered in this case and appropriate sanctions.

      Plaintiff believes that the Manwin Defendants[1], by and through the actions of its counsel, have breached at least two provisions of the Protective Order entered in this case. Plaintiff also believes counsel for the Manwin Defendants has been using protected information gained in an earlier litigation for preparation of this cause of action in violation of a previous protective order.

      In general, courts use protective orders as a primary tool to limit the use of discovery materials accessed during litigation, balancing the interest of protecting information with the

---

[1] The Manwin Defendants comprising Manwin D.P. Corp., Mindgeek S.ar.l. (f/k/a "Manwin Holding S.ar.l."), Manwin Billing MU Ltd., Manwin Billing US Corp. (f/k/a "Ahava Incorporated"), Manwin Billing Ireland, Ltd., Johnsburg Ltd., Licensing IP International S.ar.l. (f/k/a "Manwin Licensing International S.ar.l."), 9219-1568 Quebec Inc. (formerly d/b/a "Manwin Canada" and n/k/a "Mindgeek"), and Manwin Billing CY Ltd.

ability of a party to adequately present a claim.  Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:…
>
> (B) specifying terms, including time and place, for the disclosure or discovery;…
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;….

Fed. R. Civ. P. 26(c)(1).  The courts have recognized that the use of protective orders is particularly vital to the efficient litigation of intellectual property disputes, and that such orders must be respected.  *The Beam System, Inc. v. Checkpoint Systems, Inc.*, 1997 WL 364081, *2 (C.D. Cal. Feb. 6, 1997).

> Carelessness in complying with protective orders, or willful violation of protective orders, impairs their usefulness and interferes with the ability of courts to effectively manage the litigation of intellectual property disputes. Accordingly, violations of protective orders issued to safeguard the confidentiality of trade secrets and other confidential information cannot and must not be tolerated. Not surprisingly, the sanctions that can be imposed for violating a protective order may be severe.
>
> *Id.* at *2.

On January 29, 2014, the Manwin Defendants served "The Manwin Defendants' First Request for Production of Documents" (First Request).  Contained within this document is Plaintiff's highly confidential information obtained from a transcript in a previously litigated case.  Of particular note, Arthur Gollwitzer, III, counsel for the Manwin Defendants, participated in this deposition and was fully aware the information was confidential.  Upon realizing this, a significant amount of discussion was had between both the Plaintiff's counsel and the Manwin Defendants' counsel through letter correspondence.  In that correspondence, as counsel for the Manwin Defendants recognizes, Plaintiff pointed out that contained in this case's Protective Order is a duty not only to protect highly confidential information, but to properly designate such information.  Plaintiff specifically requested that the Manwin Defendants retract their First Request, properly designate the highly confidential information, and confirm that the First Request had not been disseminated beyond named counsel for the Manwin Defendants and Digital Playground, Inc. n/k/a Finem, Inc.  Counsel for the Manwin Defendants never responded

Page 3
Honorable Judge Sullivan
April 14, 2014

to that demand, and has still failed to perform this action to this day, leaving Plaintiff's information unprotected and subject to viewing by unauthorized individuals. Plaintiff has made every attempt to protect its confidential information to no avail.

 For the foregoing reasons, and because counsel for the Manwin Defendants directly told Plaintiff to take this matter up with the Court if Plaintiff felt there was a violation, we respectfully request leave from this Court to file a motion to enforce the protective order, fully addressing Plaintiff's concerns.

    Sincerely,

    **Heninger Garrison Davis, LLC**

    */s/ Dara T. Jeffries*

    Dara T. Jeffries, Esq.