

**HENINGER GARRISON DAVIS, LLC**

| DARA T. JEFFRIES<br>ATTORNEY | 3621 VININGS SLOPE<br>VININGS MAIN, SUITE 4320<br>ATLANTA, GEORGIA 30339 | TELEPHONE: (404) 996-0867<br>WEBSITE: WWW.HGDLAWFIRM.COM<br><br>EMAIL: DJEFFRIES@HGDLAWFIRM.COM |

September 30, 2014

**VIA EMAIL**
Honorable Judge Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
SullivanNYSDChambers@nysd.uscourts.gov

    Re:    *Joao Control & Monitoring Systems, LLC v. Digital Playground, Inc., et al.*
             Case No. 1:12-cv-6781

To the Honorable Judge Sullivan:

    The parties in the above-captioned case, Plaintiff Joao Control & Monitoring Systems, LLC ("JCMS") and the Manwin Defendants' ("Manwin")[1], are writing to you in order to settle a discovery dispute that has arisen and requires judicial intervention. On June 30, 2014, JCMS served Manwin with a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). Manwin objected to the Notice of Deposition on July 31, 2014. Manwin's objection to the location of the deposition is the subject of the discovery dispute.

    JCMS chose the Law Office of George N. Proios, located in New York, New York, as the site of the deposition. On July 18, 2014, Manwin's counsel sent a letter to JCMS's counsel stating that Manwin's witnesses would be made available in Montreal, Canada. JCMS's counsel responded to Manwin, via letter, that it would not agree to moving the location of the deposition to a foreign country. Since that time, Dara Jeffries, representative for JCMS, and Bradley Mullins, representative for Manwin, have had several email discussions and telephone conversations regarding this dispute, and neither party can reach an amicable solution.

---

[1] The Manwin Defendants comprising Manwin D.P. Corp., Mindgeek S.ar.l. (f/k/a "Manwin Holding S.ar.l."), Manwin Billing MU Ltd., Manwin Billing US Corp. (f/k/a "Ahava Incorporated"), Manwin Billing Ireland, Ltd., Johnsburg Ltd., Licensing IP International S.ar.l. (f/k/a "Manwin Licensing International S.ar.l."), 9219-1568 Quebec Inc. (formerly d/b/a "Manwin Canada" and n/k/a "Mindgeek"), and Manwin Billing CY Ltd.

September 30, 2014
Page 2


**Position of JCMS**

The deposition of Manwin pursuant to Fed. R. Civ. P. 30(b)(6) should be held in New York, New York to avoid the undue burden and expense that conducting a deposition in a foreign jurisdiction would place on the Plaintiff. While there is a general presumption that the deposition of a corporation will occur in its principal place of business, "[c]orporate defendants are frequently deposed in places other than the location of the principal of business, especially in the forum, for the convenience of all the parties and in the general interests of judicial economy." *Buzzeo v. Board of Education*, 178 F.R.D. 390, 392 (E.D.N.Y. March 17, 1998)(citing *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. March 19, 1985). The general presumption is rebutted by a showing of a plaintiff's constraint in the selection of a forum of that factors of cost, convenience, and litigation efficiency favor an alternate location. First and foremost, Plaintiff was constrained in selecting its forum, because the defendants reside in various countries and JCMS's claims arise under the patent laws of the United States. See *Mill-Run Tours v. Khashoggi*, 124 F.R.D., 547, 550 (S.D.N.Y. 1989); *Silva Run Worldwide Limited v. Gaming Lottery Corporation*, 2003 WL 23009989 (S.D.N.Y. Dec. 23, 2003).

Second, the factors of cost, convenience, and litigation efficiency favor New York, New York as an alternate location. New York, New York is known for being a city easily accessed by travelers with two international airports. Furthermore, New York, New York is located within the United States. In terms of cost, defendants' representatives would not be put to any extra financial burden to have New York, New York as the location of deposition, and JCMS would not incur additional fees of having to travel internationally.[2] In terms of convenience, New York, New York is easily accessible to foreign travelers, and both parties' counsel have offices located within the city. With regards to litigation efficiency, a deposition in New York, New York avoids any discovery disputes which may arise as a result of conflicts of law between a foreign jurisdiction and United States law, and the parties would not have to undergo the added expense of navigating Quebec law in order to hold a deposition on foreign territory. See *Arneauld v. Pentair, Inc.*, 2012 WL 5932956, *11 (E.D.N.Y. Nov. 26, 2012).

Finally, as an alternative, Manwin has two entities located within the United States, as admitted in ¶¶ 5 and 13 of its Answer to Plaintiff's Third Amended Complaint (Dkt. No. 46), which would be far more convenient locations than a foreign jurisdiction, and are a principal

---

[2] Relatedly, Manwin disclosed to JCMS that the depositions of its witnesses would require a translator on September 3, 2014, via email, a fact that should have been revealed during negotiation of the Scheduling Order, when the parties were determining the total amount of time each party would have for deposition testimony. Translation services will not only require significant additional cost, but will also hinder discovery efforts, as time will be required to translate each and every question and answer. Thus, what would normally take seven hours could easily be doubled, impermissibly reducing the amount of time JCMS could have used to take useful testimony. Even more significantly, JCMS, should the deposition be held in Montreal, Quebec, has the added burden of locating a translator in a foreign country.

September 30, 2014
Page 3

place of business.  The first is Manwin D.P. Corp., located in Los Angeles, CA.  The second is Manwin Billing US Corp., located in Wilmington, Delaware.  JCMS is willing to go to either location.

**Position of the Manwin Defendants**

JCMS simply has not, and cannot, carry the burden of overcoming the "general presumption in favor of conducting depositions of a corporation in its principal place of business."  *See*, *e.g. Arneauld v. Pentair, Inc.*, 2012 WL 5932956, at *11 (E.D.N.Y. Nov. 26, 2012) (citation omitted) (upholding defendant's objection to holding deposition in New York, where defendant's principal place of business was in Minnesota).  JCMS, however, ignores the related rule that "[u]pon a corporate defendant's objection to a deposition scheduled at a location other than in its principal place of business, the plaintiff has the ***affirmative burden of demonstrating "peculiar" circumstances*** which compel the Court to suspend the general [presumption] and to order that depositions be held in the other location."  *Id.* at * 30 (quotation marks and citation omitted) (emphasis added).

JCMS served one Rule 30(b)(6) deposition notice on all of the Manwin Defendants, seeking their collective testimony on over twenty individual topics.[3]  In response, the Manwin Defendants objected to holding the deposition in New York, in addition to objecting to JCMS' topics.  Instead, the Manwin Defendants offered to make their Rule 30(b)(6) designees available at a mutually convenient date and time in Montreal, Quebec.  While JCMS has sued nine different Manwin entities which are together referred to as the "Manwin Defendants" (which maintain places of business around the world), all of the relevant witnesses with knowledge of the appropriate topics targeted by JCMS's deposition notice are located in Montreal.  Therefore, those depositions should take place in Montreal under the standard presumption set forth above.  None of the purported arguments raised by JCMS for moving this deposition to New York is sufficient to overcome this presumption.

*First*, JCMS's contention that it was "constrained" in its choice of forum is a misleading attempt to fit the distinguishable facts of inapposite case law.[4]  JCMS has filed lawsuits in no less than seven states, ranging from California to New York.  It could have chosen to sue the Manwin Defendants in any of those forums.  JCMS was in no way constrained.

---

[3] While many of the topics listed in JCMS's deposition are objectionable – because, for example, they go beyond the scope of discovery allowed prior to claim construction (see Case Management Plan and Scheduling Order, Dkt. No. 48, at ¶ 6) – the Manwin Defendants have agreed to provide testimony on appropriate topics, such as the operation of the websites accused of patent infringement by JCMS, and the Manwin Defendants' revenues derived from those websites from sources in the United States of America.

[4] JCMS' cited cases are inapposite.  In *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y.1989), the transactions at issue took place in New York, and New York was "the only focal point for all of the parties."  That is not so here; none of the Manwin Defendants has any physical presence in New York, and the only connection between this lawsuit and New York is JCMS's presence here.  Similarly, in *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003), "the transactions in question occurred in New York" – which is again not the case here.  The Manwin Defendants have customers throughout the United States of America.  Moreover, in *Silva Run*, unlike the Manwin Defendants, the defendant corporation did not even have offices in Canada, where it was requesting the deposition be held.

September 30, 2014
Page 4

*Second*, the factors of cost, convenience, and litigation efficiency do not favor New York, as JCMS claims.  JCMS proffers three arguments here:  (i) New York is generally convenient for international travelers; (ii) a deposition in New York would save JCMS – or presumably, JCMS' lawyers – from having to spend money on travel to Canada; and (iii) a deposition in New York would avoid the "added expenses of navigating Quebec law."  None of these arguments provide a basis for requiring the Manwin Defendants' Rule 30(b)(6) witnesses to travel to New York for their deposition.

Whether New York is convenient for international travelers is a *non sequitur*.  Montreal also is easily accessible to international travelers.  Montreal is not located in a far away, exotic locale; it is in Canada, only short flight from New York itself.

Conducting the deposition in New York does not save any party any money.  JCMS' lead lawyers are based all over the country: one in California, one in Georgia, one in New Jersey, and one in Virginia.  Only JCMS' local counsel is based in New York.  Therefore, it is safe to assume that at least one (if not more) of JCMS's out-of-state attorneys will be travelling to attend the Rule 30(b)(6) deposition of the Manwin Defendants regardless of where it is held.  A flight to New York and hotel rooms in New York are not markedly less expensive than travel to Montreal.  Indeed, New York is one of the most expensive places to conduct a deposition.

The actual considerations of cost and convenience weigh heavily in favor of holding the Manwin Defendants' Rule 30(b)(6) deposition in Montreal.  The Manwin Defendants expect to have at least two employees based in Montreal testify as to the permissible subjects of testimony sought by JCMS.  It would be burdensome to require these employees to travel to New York to be deposed, when doing so would keep them away from their work for several days.  *See*, *e.g.*, *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012) (recognizing that "[a] witness losing three days of work due to travel" was a consideration that weighed in favor of holding a deposition at the defendant's place of business).

In addition, JCMS erroneously contends that, because two of the Manwin Defendants have a place of business in the United States (in California and Delaware, respectively), the Rule 30(b)(6) deposition could alternatively take place in one of those locations.  But as the Manwin Defendants have repeatedly informed JCMS, **the witnesses with relevant knowledge are located in Montreal**.  It makes no more sense to require those witnesses to travel to California or Delaware than it does to have them travel to New York.

Moreover, JCMS should not be allowed to argue for a deposition location based on the fact that it sued Manwin Billing U.S. Corp.  JCMS previously sued Manwin Billing U.S. Corp. (formerly known as Ahava Inc.) for infringement of the same patents-in-suit in the Central District of California.  Judge David Carter dismissed that suit *with prejudice* in April 2012.  The Manwin Defendants have repeatedly advised JCMS in no uncertain terms that it is suing a defendant that it already sued and that its claims against Manwin Billing U.S. Corp. are barred by *res judicata*.  Yet, JCMS refuses to dismiss its claims against Manwin Billing U.S. Corp. and, now, goes further and argues that its suit against Manwin Billing U.S. Corp. is a basis for holding the requested deposition in Delaware.  Far from justifying JCMS' objection to taking its requested deposition in Canada, JCMS continued pursuit of an objectively baseless suit against Manwin Billing U.S. Corp. in light of the clear *res judicata* is grounds for Rule 11 sanctions.

*Finally*, JCMS's vague and unsubstantiated concerns about "navigating Quebec law" also do not provide any basis for requiring the Manwin Defendants' employees to travel to New York.  During the meet and confer process, counsel for the Manwin Defendants informed counsel for JCMS that they were not aware of any Canadian laws that would present any unique complications if the deposition was held in Montreal.  Counsel for JCMS responded by stating that they would research the issue.  To date, however, JCMS has not raised any specific concerns about Canadian law.  Just because the Manwin Defendants insist on being deposed where their witnesses are employed in Canada does not *ipso facto* mean that there will be complications due to the application of foreign law.  To the contrary, the Manwin Defendants agree to conduct the deposition pursuant to the Federal Rules of Civil Procedure, regardless of where it is held.  If any issues do arise (whether owing to foreign law or otherwise), this Court will be just as accessible telephonically from Montreal as it would be from New York.

In sum, JCMS has no reasoned basis for refusing to hold the Manwin Defendants' Rule 30(b)(6) deposition in Montreal, where the Manwin Defendants' witnesses with relevant knowledge are employed.  JCMS's unjustified hesitation about travelling to Canada is not reason enough to overcome the general presumption that a corporate defendant's deposition should be held where its employees are located.  There is no law that says that a defendant must send its employees to New York merely because it is located in a foreign country; in fact, the opposite is true.  *See Dagen v. CFC Group Holdings Ltd.*, 2003 WL 21910861 (S.D.N.Y. Aug. 7, 2003) (ordering that deposition of Hong Kong firm take place in Hong Kong); *Snow Becker Krauss P.C. v. Proyectos E Instalaciones de Desalacion, S.A.*, 1992 WL 395598 (S.D.N.Y. Dec. 8, 1992) (ordering that depositions of Spanish companies take place in Spain).  The Manwin Defendants therefore respectfully request that the Court reject JCMS' demand that its Rule 30(b)(6) deposition of the Manwin Defendants be conducted in New York.

      Sincerely,

      **Heninger Garrison Davis, LLC**

      */s/ Dara T. Jeffries*
      Dara T. Jeffries, Esq.

Cc: Counsel of Record