

Michael Best & Friedrich LLP
**Attorneys at Law**
Two Prudential Plaza
180 North Stetson Avenue
Suite 2000
Chicago, IL  60601-6710
Phone  312.222.0800
Fax  312.222.0818

**Arthur Gollwitzer III**
Direct  312.596.5847
Email  agollwitzer@michaelbest.com

September 1, 2015

**Via ECF Filing and Email**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re:  *Status Report –*
> *Joao Control & Monitoring Systems, LLC v. Digital Playground, Inc., et al.,*
> *Case No. 12-cv-6781 (RJS) and Joao Control & Monitoring Systems, LLC v.*
> *ATS, et al., Case No. 12-cv-7734 (RJS)*

Dear Judge Sullivan:

The Court scheduled a status conference in this case for this Thursday, September 3, 2015, at 2:00 p.m.  (Dkt. 119.)  The Court stated that the conference's agenda includes (i) the contemplated motion for judgment on the pleadings pursuant to Rule 12(c), (ii) the schedule for the remainder of discovery and summary judgment, and (iii) settlement possibilities.  (*Id*. at 17.)  Since the claim construction hearing in this case on May 1, 2015, there have been a number of developments in related Joao cases pending in other courts, as well as new pertinent decisions from the Federal Circuit Court of Appeals.  Therefore, the defendants thought it would be helpful to provide the following status report in advance of Thursday's status conference.

First, a court in the Western District of Texas issued a claim construction and invalidity ruling affecting the same Joao patents that are at issue in this case on August 18, 2015.  *See Joao Control & Monitoring Systems, LLC v. Protect America, Inc*., Case No. 14-cv-134-LY, Dkt. No. 109 (Aug. 18, 2015).  Notably, the Texas court held that numerous claim terms are "means-plus-function" claim terms governed by 35 U.S.C. § 112(6) in light of the Federal Circuit's recent *en banc* decision in *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. June 16, 2015).  The Texas court also held that the patents' specification did not disclose adequate structure, making those means-plus-function claim terms indefinite and invalid under 35 U.S.C. § 112.  Every asserted claim in this case contains at least one of those indefinite claim terms.

Second, a court in the Eastern District of Michigan issued its claim construction order on August 26, 2015.  *See Joao Control & Monitoring Systems, LLC v. Chrysler Group LLC*, Case No. 13-cv-13957, Dkt. No. 53 (Aug. 26, 2015).  Like this Court, the Michigan court was not asked to



September 1, 2015
Page 2

address the means-plus-function issue presumably because claim construction briefing was complete in that case long before the *Williamson* decision issued, and that *en banc* decision represents a significant shift in the law governing means-plus-function claims.

As mentioned above, on June 16, 2015, the Federal Circuit issued an *en banc* decision in *Williamson v. Citrix Online*. Before the *Williamson* decision, courts consistently held that there was a "strong" presumption that claims lacking the explicit "means" language were not means-plus-function claims governed by 35 U.S.C. § 112(6). In *Williamson*, however, the appellate court ruled by a vote of 11-1 that there was no such "strong" presumption. *Williamson*, 792 F.3d at 1348-49. Indeed, the court pointed out that claims using "nonce" words such as "mechanism," "element," "device" reflect nothing more than verbal constructs tantamount to using the word "means" because "they typically do not constitute sufficiently definite structure." *Id.* at 1350.

In this case, every claim asserted by Joao contains such "nonce" terms construed by the Texas court to be means-plus-function claims lacking sufficient structure and therefore indefinite. The parties did not brief this issue as claim construction briefing and the claim construction hearing took place well before the *Williamson* decision. Nevertheless, Defendants brought this change in the law to the Court's attention per a notice of supplemental legal authority (Dkt. 188) per their duty of candor to the Court. The defendants believe that this ruling is case-dispositive and can be addressed in a motion for judgment on the pleadings without repeating or undoing the recently-completed claim construction process.

Finally, in another Joao case pending in the Northern District of Illinois, the defendant has moved to dismiss Joao's claims arising from the same patents based on 35 U.S.C. § 101 and the Supreme Court's recent decision in *Alice Corp. Pty. Ltd v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). *See Joao Control & Monitoring Systems, LLC v. Telular Corp.*, Case No. 14-CV9852, Dkt. 45 (filed on August 21, 2015). Telular's motion is scheduled for "presentment" in the Chicago court on September 14, 2015, at which time the court likely will set a briefing schedule on Telular's motion. (Dkt. 49.) (Joao moved to strike Telular's motion on August 25, Dkt. 47, and that motion also is on the court's calendar on September 14.)

*In light of these developments, the defendants propose the following steps in this case:*

First, all defendants wish to file a single joint motion for judgment on the pleadings, asserting that the Joao patents claim unpatentable abstract ideas under 35 U.S.C. § 101, as defendants ATS and City of Yonkers previously requested leave to do in this case via a motion for judgment on the pleadings (consistent with Defendants' original and supplemental invalidity contentions in this case).



September 1, 2015
Page 3

In addition, discussion is warranted regarding Joao's claims being barred by the Texas court's decision finding each of them invalid for indefiniteness in light of *Williamson* under both principles of res judicata and the logic and new legal standard established in *Williamson*.  All of these issues can be decided as a matter of law without further discovery or claim construction.

Second, the Manwin defendants wish to move for summary judgment of non-infringement in light of the Court's construction of the term "monitoring."  Based on the Court's construction of "monitoring" – a term that appears in every asserted claim – there can be no dispute that the Manwin defendants do not infringe the patents-in-suit as their customers watch streaming video for entertainment not for the purpose of "control, security, oversight, or supervision."  (Dkt. 119 at 15.)  All defendants would be free to raise more complex summary judgment challenges such as those based on divided infringement or invalidity under 35 U.S.C. § 102 (anticipation based on prior art) at a later date in the event that the above motions do not bring this case to an end.

Defendants respectfully submit this status report to advise the Court of recent developments in the law and other JCMS cases.  Defendants will be prepared to discuss all issues at the September 3, 2015 status conference.

Respectfully submitted,

*/s/ Brian C. Park (via email auth.)*                                    */s/ Arthur Gollwitzer, III*
Brian C. Park                                                                       Arthur Gollwitzer, III
Counsel for ATS                                                                Counsel for the Manwin Defendants


*/s/ Alexandra Capachietti  (via email auth.)*
Alexandra Capachietti
Counsel for City of Yonkers


cc:  All Counsel of Record in Case Nos. 12-cv-7734-RJS and 12-cv-6781-RJS